HENDERSON, Respondent, vs. O'LEARY, Appellant.

*March 16—May 9, 1922.*

*Automobiles: Degree of care required of driver: Turning into private driveway: Failure to sound horn: Lights as warning of intended turning.*

1. A pedestrian using the sidewalk along a street is not governed by the same rules on approaching a private crossing over the sidewalk as on arriving at the intersection of two public highways, before entering upon which he must use his senses of sight and hearing to avoid danger from approaching vehicles.
2. Although the use of an automobile is sanctioned by law, reasonable care in its operation must be exercised, with the object in view of averting and avoiding injury to others.
3. Though the statute requires an automobile to be equipped with a horn or other signaling device, it is not negligence to fail to sound the horn before making a turn into a private driveway in the nighttime, where the light from the headlights gave ample warning.
4. Evidence that an automobile driver approached a private driveway crossing the sidewalk in the nighttime, when he could assume his headlights would give sufficient warning, at a speed which enabled him to stop almost instantly upon seeing a pedestrian on the sidewalk, is *held* not to warrant the inference of negligence on the part of the driver.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Reversed.*

Action for personal injuries.

It appears substantially without dispute that on October 14, 1919, at about 8:40 p. m., the plaintiff was walking south

on a sidewalk on the west side of Maple avenue in the city of Green Bay, and had arrived at a private crossing extending from the street proper to and over said sidewalk to defendant's garage situated in the rear of his premises and to the west of the sidewalk in question. From the east edge of the sidewalk to the west edge of the highway proper there was a parkway about nineteen feet in width, and a few feet to the north of said driveway, extending up to the east edge of the sidewalk, there was located a fair-sized elm tree.

Defendant's car was propelled along the west side of the highway proper, toward the south, at a moderate rate of speed, which speed as he approached his private crossing did not exceed six to seven miles per hour, and immediately before reaching such crossing he turned his car partly toward the east, in order to enable him better to make the crossing, then swerved the same around towards the west and entered the crossing and proceeded so that the front end of his automobile arrived at the easterly edge of the sidewalk, when the plaintiff, who was about to cross the crossing, suddenly observed the glaring headlights of the approaching automobile in front of her, which so frightened her as to cause her to make an immediate effort to escape a collision, and in her attempt to so escape she tripped, causing her to sustain the injuries complained of.

The evidence is also undisputed that the headlights of the defendant's car, while such car was being turned into the driveway, cast a light over and across the sidewalk in front of the plaintiff, which light approached her in accordance with the turn made upon entering the driveway. Going between six and seven miles per hour, defendant's car proceeded at the rate of about nine feet per second.

In its special verdict the jury found: (1) that the plaintiff was injured at the time in question while she was on the sidewalk near defendant's driveway; (2) that the defendant failed to sound a warning with his horn as he turned

into and upon his driveway, and that such failure consti-
tuted a negligent driving and operation of his automobile;
(3) that the speed at which defendant entered his driveway
did not constitute a negligent driving and operation of his
automobile; (4) that the negligence referred to in the second
question and answer constituted the proximate cause of
plaintiff's injury; and (5) that the plaintiff was not guilty
of a want of ordinary care which proximately contributed
to produce her injury.

For the appellant there was a brief signed by *Martin,
Martin & Martin* of Green Bay, and oral argument by *P. H.
Martin.*

For the respondent there was a brief by *Evans & Merrill*
of Green Bay, and oral argument by *W. L. Evans.*

DOERFLER, J.    In defendant's first assignment of error
he contends that he was not guilty of any negligence, and
in his second assignment of error it is contended that the
plaintiff was guilty of contributory negligence which was
the proximate cause of her injury.    We will consider these
two assignments of error together.

A public street intersection differs materially from a pri-
vate crossing such as is involved in the instant case.    In
arriving at an intersection of two public highways, a foot
passenger cannot blindly enter such intersection without us-
ing his senses of sight and hearing, in an effort to observe
approaching vehicles, so as to avoid danger.    The rules
laid down by this court in such a situation are designed to
promote the public safety and to preserve human life and
limb and property.    The care required of a pedestrian while
walking on a public sidewalk and in crossing a private cross-
ing differs from that required in entering upon the intersec-
tion of two public highways, and in each case is commen-
surate with the respective danger involved in the two kinds
of intersections.    Courts take judicial notice that in travel-
ing along the sidewalks of a street pedestrians are often-

times engaged in thought involving business or domestic affairs, and numerous other considerations which are closely connected with the individual. The ownership of an automobile has become quite common, and with this ownership has come the possession of private garages and private crosswalks, and, in fact, so numerous have these private crossings become that there are few blocks in a city street which do not afford entrances into private property by means of such driveways. The operator of an automobile must realize that while his use of this instrumentality is sanctioned by the law, nevertheless, owing to the great danger to life, limb, and property involved in such use, reasonable care in the operation thereof must be exercised, with the object in view of averting and avoiding injury to others. In order to protect human beings and property from this danger statutes have been enacted, and one of these provisions requires an operator of an automobile to have on his machine a horn or other device with which he can signal his approach so as to caution others thereof. It is admitted in this case that the defendant failed to sound his horn before attempting to enter upon his private crossing, but that immediately prior to the happening of the injury he uttered the exclamation "Whoa, woman!"

Under the evidence as heretofore detailed, can it be said that a jury issue was presented as to defendant's negligence? As the defendant approached this crossing the speed of his automobile was diminished to six or seven miles per hour, an unusually moderate and low speed for such an instrumentality at any time or on all occasions. Surely it cannot be said, nor is it claimed, that defendant was guilty of any negligence in this respect. He carefully made the turn from the highway into the garage while operating his car at such low rate of speed. The glaring headlights on defendant's car when defendant started to make the turn necessarily cast their glare across the sidewalk in front of the plaintiff at some considerable distance, and such reflec-

tion from such headlights rapidly approached the plaintiff more closely as the turning process of the car reached its ultimate aim.    True, the statutes required the car to be furnished with a proper horn, which horn is designed to give warning in case of danger.    There is no law, either statutory or otherwise, which requires the sounding of a horn where another warning equally as effective is given.    The object of all warnings is to apprise of danger and to avert danger.    The light reflected from the headlights on defendant's car, and which continued to approach the plaintiff, not only constituted an adequate warning of the approach of the machine, but can be said to have been gentle and effective in its nature, designed to avert a sudden surprise or shock, such as would have been produced by the abrupt sounding of a horn while the car was in close proximity to the plaintiff.    Defendant had every reason to believe that the plaintiff would observe the approaching light coming from the headlights of his car, and it is nigh unexplainable why plaintiff did not make such observation.    In other words, in making this crossing defendant, being under the obligation to give some warning, was in a position where he could resort to either of the two species of warning referred to.    In the exercise of his reasonable judgment he deemed the warning given by means of the headlights adequate and sufficient, and we are of the opinion, and so hold, that defendant was justified in having so exercised his mental processes.

During every moment of the time while defendant crossed the parkway, up to the time that he arrived at the edge of the sidewalk, he had his car under complete control, which was manifested by the admitted speed of the car, and by the fact that he stopped his car almost instantly when plaintiff appeared in view, and because under the admitted facts there was no impact.    That the car was almost instantaneously stopped is not in dispute, and it is not at all impos-

sible—on the contrary, it is highly probable—that the defendant did not see the plaintiff approaching before he arrived at the east edge of the sidewalk, because the view of plaintiff's approach was obstructed by the elm tree referred to. To have avoided this injury, under the unfortunate circumstances shown in the evidence, would have required superhuman powers of intuition. The evidence therefore does not, in our opinion, present an issue upon which reasonable minds may properly differ, and a verdict should therefore have been directed in defendant's favor.

In view of what has been heretofore held with respect to defendant's negligence, it becomes unnecessary for us to pass upon plaintiff's alleged contributory negligence. Suffice it to say, however, that we are of the opinion that such issue constituted a proper jury question.

The judgment of the circuit court must therefore be reversed, with directions to dismiss plaintiff's complaint, with costs.

*By the Court.*—It is so ordered.