Jones, Appellant, vs. Nolan, Respondent.

*November 5—December 4, 1928.*

312

For the appellant there was a brief by *Barber & Keefe* of Oshkosh, and oral argument by *Frank B. Keefe*.

For the respondent there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Robert J. Sutherland*.

DOERFLER, J. The plaintiff testified that the accident happened on the sidewalk and not upon the premises occupied by the filling station. Such finding is therefore a verity in this case. While the jury evidently discredited the testimony of the defendant and that of the other occupants of the car upon that subject, it does not necessarily follow that all of the other testimony of the defendant and the other occupants must likewise be discredited. It is readily conceivable that all of the witnesses upon that subject testified to what they considered the truth, but that some of them might have been mistaken.

The plaintiff did not see the defendant's car prior to the collision, and this is explained by his statement that he was on his way to discuss business matters with a representative of his employer, and that he was engrossed therewith at the

time when the collision happened. The defendant, according to his testimony, did not see the plaintiff until his attention was called by an occupant of his car to the fact that the plaintiff was walking sideways into the car. The conflict in the testimony of the plaintiff and of the defendant at this point is with respect to the place where the collision occurred; and in view of the jury's finding that it occurred upon the sidewalk, it may be inferred that the exclamation or caution of the occupant of his car occurred before he had passed the point of the collision.

Plaintiff did not testify as to the number of miles per hour the car was being driven at or immediately prior to the collision, but he did say that it appeared to him as though the car was running very fast. The defendant testified that while passing over the crossing his car was operated at a rate of between four and five miles an hour. The plaintiff's testimony on the subject of speed is of very little value, because his alleged observation of the speed and the collision were contemporaneous. Under the evidence of the defendant and the physical facts then appearing, the jury could readily have believed defendant's testimony upon the subject of speed. Such a speed of four to five miles an hour is an extremely moderate speed for an automobile, and constitutes a speed not much faster than the ordinary walk of a pedestrian. The defendant and the two other occupants of the car testified that plaintiff ran into the side of the car somewhere between the front north wheel and the door. This would account to some extent for the defendant's failure to see the plaintiff prior to the collision. Plaintiff's failure to see the car, according to his own admission, is entirely traceable to his engrossment over his business affairs. There is no evidence in the case that the defendant failed at any time to properly control his car, or that he had lost control of it; on the contrary, when the collision happened he promptly applied the brakes and the car stopped. Plaintiff testified

that he knew of this filling station before the accident and that automobiles crossed over the sidewalk on this crossing. He also admitted that he did not see the defendant prior to the collision and that he was engrossed in business matters. Surely this is ample testimony upon which the jury was justified in finding him guilty of contributory negligence.

The sidewalks of a city are constructed for the use and benefit of pedestrians. Where such a way is solely used for pedestrian travel, no thought need be given to automobile traffic. While passing along a sidewalk the pedestrian must merely respect the rights of others who are also pedestrians. His obligation, however, for his own protection, differs somewhat when we come to consider a crossing of the sidewalk used by or for the benefit of occupants of a private home. It may be still different where a part of the sidewalk is used for a crossing of a busy business enterprise, such as a filling station. In the case under consideration there is testimony that about one hundred automobiles during the day traveled over this crossing. Main street is the principal artery for business traffic in the city of Oshkosh. It can therefore be readily assumed that the filling station, located in the very heart of the business district of the city, was unusually heavily patronized. Besides, it was Labor Day, and the streets were lined with automobilists, who were mainly in pursuit of pleasure. The degree of care which a pedestrian is required to use while passing over a crossing must be commensurate with the danger which he is liable to encounter. *Henderson v. O'Leary,* 177 Wis. 130, 187 N. W. 994. What might be ordinary care with respect to a private crossing leading to a dwelling might be insufficient to constitute ordinary care for a *quasi*-public crossing leading into a place of business like the one herein involved; and the degree of care imposed upon one who makes a crossing leading into a filling station like the one here involved may be grossly inadequate if it were exercised in connection with a strictly

public crossing. In each instance the law requires the exercise of ordinary care, and the care to be exercised is determined by considering the care which is usually exercised by the great mass of mankind under the same or similar circumstances.

The learned counsel for the plaintiff apparently assumed that a pedestrian who crosses over a sidewalk which is used in part as an automobile crossing leading to a filling station, like in the instant case, is in a position similar to one who passes along the sidewalk where there are no crossings. In taking this view he certainly is in error.

The issues in this case constitute mere questions of fact, and they have been determined by the jury upon credible evidence. The judgment of the lower court must therefore be affirmed.

*By the Court.*—Judgment affirmed.