Hahn et al., Appellants, *v.* Anderson et al.

Argued March 23, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

464

*Ernest C. Reif,* for appellants.

*Arthur M. Grossman,* with him *Harold H. Herwitt,* for appellees.

OPINION BY MR. JUSTICE MAXEY, May 17, 1937:

On July 17, 1934, Eugene Hahn, a boy then about nine years of age, was on the sidewalk of Wettach Street, a public thoroughfare in the City of Pittsburgh. This street is a narrow one and is intersected by Peralto Street. At the intersection is a terminal of the Motor Age Transit Lines, a registered partnership and a defendant in this case.

At the time and place in question, William A. Anderson, the other defendant, after getting gasoline at the place of business of the Transit Lines, ran his car over the sidewalk in the direction of the street and struck and injured the minor plaintiff who was sitting on the sidewalk in front of the car.

The negligence averred was, inter alia, that the defendant Anderson who, it is alleged, was at the time in the employ of the Transit Lines, "recklessly, negligently and carelessly failed to keep a lookout ahead so as to note the presence of other persons lawfully using the pavement and street," and that he failed to have his car under control, as prudence dictated, when it was being driven across the sidewalk. After trial in the County Court a verdict was recovered against Anderson and the Transit Lines for the sum of $100 to the minor plaintiff for pain and suffering, and $500 to his parents, plus $44 for medical expenses, a total of $544. Defendants filed motions for a new trial and for judgment n. o. v. The latter motion was granted. An appeal was taken to the Superior Court and it sustained the County Court, stat-

ing: "We are unable to find that the driver failed to perform any duty resting upon him to protect those making use of the sidewalk or the highway. Had the injured child been walking upon the sidewalk or the pavement, a different situation would be present. But the duty of a driver crossing a public sidewalk or pavement cannot be so far extended as to require him to make observations and examinations around and under the automobile, especially where no notice has been brought home to him of the presence of others to whom he owes the duty of reasonable care." An appeal to this court was allowed.

There was no evidence of excessive speed in this case and the testimony shows that this boy, the minor plaintiff, was sitting on the sidewalk directly in front of the right-hand bumper of the car. Another boy, 11 years of age, testified that the car "came out of the garage" but by "garage" he obviously meant the filling station. The gasoline pump nearest the street is fifteen feet from the curb line. The rear of Anderson's car was one or two feet past that pump and therefore its front end must have been on the sidewalk.

The issue narrows itself down to this: Is it want of reasonable, ordinary care for a driver, the front of whose car is on or near the sidewalk, to fail to go around and look in front of the car before proceeding across the sidewalk? An affirmative answer imposes a high standard of care upon automobile drivers but in view of the facts that there are numerous filling stations situated adjacent to sidewalks of well-frequented public streets and that children and other human beings have rights on these sidewalks paramount to the rights of vehicles, we think that sound public policy requires that a person about to drive an automobile across a sidewalk must, at his own peril, see to it that there is no child or other person on that part of the sidewalk over which the automobile is about to pass. It is conceded in the present case that the radiator of Anderson's car was about fifty

inches high while the minor plaintiff when seated in a chair was twenty-six and a half inches high. A witness testified that he saw this minor plaintiff playing, saw him sit down on the right front bumper of the car, and saw Anderson get into the car, but before he (the witness) could sound a warning, Anderson had driven over the child. It is obvious that if Anderson had walked around in front of his standing car before entering it and starting it, he would have seen the child and thus avoided hitting him. It is not unreasonable to require drivers of cars to take precautions of this kind. The law must be adapted to the needs of modern life and to new standards of social conduct. The automobile and its frequent use in and about city streets and the great annual sacrifice of human lives to its operation, make it imperative that a high degree of care be imposed on those who direct this dangerous instrumentality.

In Huddy's "Encyclopedia of Automobile Law," Vol. 5, section 17, this principle is laid down: "When a foot traveler, while occupying a part of the street or highway which is devoted exclusively to the use of pedestrians, is struck by a motor vehicle, it can usually be said with some degree of assurance that the driver of the machine has been guilty of negligence." In *Ford v. Cunningham Piano Co.*, 71 Pa. Superior Ct. 380, it was held that the case was for the jury where the evidence tended to show that the plaintiff while walking on the sidewalk was struck by an automobile of the defendant which was too close to the curb line. See also *Henderson v. O'Leary*, 177 Wis. 130, 187 N. W. 994.

If, in the instant case, the minor plaintiff had been several years older, his act in sitting down on the front bumper of this car would be declared negligence as a matter of law and recovery would therefore be barred. However, on account of his extreme youth, his negligence cannot be declared as a matter of law. The fact that the accident in question took place on a sidewalk

makes the question of defendant Anderson's negligence one for the jury.

In view of the facts that the evidence conclusively shows that Anderson had concluded his day's work for the Motor Age Transit Lines at 3:20 P. M. on the day in question and that the accident did not take place until about three-quarters of an hour later, it cannot be held that he was engaged in the business of his employer, the Transit Lines, at the time the accident occurred. Therefore no liability in this case can be imposed upon the defendant, the Motor Age Transit Lines.

The action of the County Court in entering judgment n. o. v. is affirmed as to the Motor Age Transit Lines, but as to William A. Anderson, it is reversed, and judgment is entered on the verdict against the latter.