Lucas *v.* Ambridge Yellow Cab Company, Appellant.

Argued November 15, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James E. Rowley,* with him *Myron E. Rowley, Ralph E. Smith,* and *Rowley & Smith,* for appellant.

*Oran W. Panner,* with him *Bradshaw and Panner,* for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

On June 14, 1954 James E. Lucas, a minor, aged 2 years and 11 months, was struck and run over in the Borough of Ambridge by a cab owned by the defendant company. On a warm and sunny day, at about 2:30 P.M., four mothers and eight children, including minor plaintiff and his mother, crossed Fourteenth Street Extension and walked westwardly on Beech Street which has no sidewalk on either side. There were no automobiles on the street; it was deserted except for these pedestrians. When the women and children were 25 feet from 14th Street Extension, defendant's cab turned from 14th Street onto Beech Street, approached them and stopped about four feet from the curb in such a position that minor plaintiff, his mother and three other children were abreast of the right fender of the cab. After the cab had completely stopped the driver looking across his right front fender could see the plaintiff and other children standing at the curb. When the cab stopped, the children stepped down from the curb in front of the cab and started to walk across the street. When some of the children had reached the opposite side and others were almost across, minor plaintiff's mother let go of his hand, and he began to follow the other children. When he reached a point immediately in front of the cab, the taxi driver started forward, struck the child and ran over his body. The child was found under the rear of the cab between the wheels.

An action in trespass was filed and, after trial, the jury returned a verdict in favor of the minor plaintiff. The jury also found a verdict against the mother and in favor of the driver, but that verdict was not appealed and is not here involved. The age of the child excluded any question of contributory negligence as to him. The court below subsequently overruled defendant's

motion for judgment non obstante veredicto and this appeal followed.

In disposing of the motion for judgment n.o.v., we must review the evidence and consider all the facts and reasonable inferences to be drawn from them in the light most favorable to plaintiffs' cause. *Nixon v. Chiarilli*, 385 Pa. 218, 122 A. 2d 710; *Katz v. Montague*, 181 Pa. Superior Ct. 476, 124 A. 2d 506. A review of the testimony shows that the mothers saw the taxicab and that the taxi driver saw them when he stopped his cab, apparently to permit them to cross. While the cab was so stopped, three of the children stepped down into the street and crossed immediately in front of it. The driver testified that he was aware of the children crossing but did not see the minor plaintiff leave the curb. When the minor plaintiff reached a point in front of the cab, the driver suddenly "took off" and upon impact with the child, he testified that he thought he had run over a piece of tin and did not stop until he heard screaming.

Defendant contends that there was no evidence of negligence on the part of driver; this contention was the basis for the motion for judgment n.o.v. It is here contended that the driver could not have seen a child 38 inches high over a 42 inch hood. Had the driver, however, stopped some distance further back from the group, the small children would have been clearly visible to him. The driver limited his own view when he stopped so close to the group that they had no other way but to cross immediately in front of the grill. While standing on the curb, the children and adults were somewhat elevated and their movements could be observed. When the minor plaintiff, therefore, stepped off the curb to walk to the front of the cab he was duty bound to see the child reach a place of safety before starting up the movement of the cab. The jury

.could find that his lack of due care under such circumstances was the cause of the accident and that the driver was not justified in moving his cab until he first had determined that all of the children were in a place of safety.

In *Fedorovich et al. v. Glenn*, 337 Pa. 60, 9 A. 2d 358, the Supreme Court held that the running down of a child on an unobstructed highway in broad daylight is evidence of negligence, unless he suddenly darted in front of the moving car. The record clearly shows that this is not a "darting out" case and the driver was under a duty to ascertain that all children were in a position of safety before commencing the movement of his cab. The driver admitted that he did not sound a horn or give any other warning or signal before getting into motion. A few words to the parent of his intention to start would have prevented this accident. He would not have been required to get out of his cab.

Defendant company further contends that since the mother was negligent, it should be relieved of all liability. In *Briggs et al. v. Philadelphia*, 112 Pa. Superior Ct. 50, 170 A. 871, we held that the negligence of a parent which concurs with that of a third person is not imputed to the child. Infants are entitled to recover compensation for injuries caused by the negligence of others, and no action has failed because of the negligence of the parent being imputed to the child. The legal status of the minor is different from that of the parent.

Defendant cites *Abbott v. Railway Express Agency*, 108 F. 2d 671, where a truck driver saw a child in front of his stopped truck. He warned the child to get to a position of safety and saw him get to such position. Before he got under way the child got back in front of his truck, and the driver ran over him. The driver had no warning that the child would leave the

position of safety. This case is not in point with the facts of the instant case.

Under the circumstances in the case before us, the question of the driver's negligence was one for the jury.

Judgment affirmed.