Kaercher *v.* Miller, Appellant.

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Charles McC. Barrickman,* with him *Wallover and Barrickman,* for appellant.

*J. Leonard Solomon,* for appellee.

OPINION BY HIRT, J., December 17, 1959:

In these actions for damages, for the death of her husband from personal injuries, the jury found for the plaintiff under the Wrongful Death Act of April 15, 1851, P. L. 669, as amended, 12 PS §1601 et seq., in the sum of $3,859.40 and for $3,000 under the Survival Act included in the Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, §601, 20 PS §320.601.

The defendant Miller, after dark in the early evening of October 21, 1956, drove his automobile north on Seventh Avenue in the City of Beaver Falls. At the intersection of Seventh Avenue with Eighteenth Street he made a left turn and proceeded about 85 feet westwardly when he struck plaintiff's husband who, walking his dog, was crossing the cartway between street intersections. Kaercher suffered a cerebral concussion and other injuries; he died something more than a year later on December 12, 1957 at age 74. There were no eyewitnesses to the circumstances attending the injury.

Eighteenth Street is a two-way city street, running east and west, 33 feet 10 inches wide. Seventh Avenue is a four lane street 60 or 65 feet wide. The intersection of the two streets is at right angles. Miller testified that he was "just riding around" and was traveling north on Seventh Avenue at a moderate rate of

speed; that he stopped his car before entering Eighteenth Street to yield the right of way to an automobile approaching the intersection on that street from the east; that he made a left turn and was traveling westwardly on Eighteenth Street at about 15 or 20 miles per hour when he suddenly saw Kaercher in the cartway immediately in front of his car; that he "slammed on his brakes" but in the sudden emergency it was too late to avoid hitting the man. Miller's automobile then was on his right side of Eighteenth Street and the point of contact was about 13 feet from the north curb; it was a clear dry night and the point where Kaercher was struck was midway between Seventh Avenue and an alley running southwardly from Eighteenth Street about 170 feet to the west. Miller testified that he was still in low gear when he hit Kaercher and that his car stopped almost immediately when he applied his brakes. The witnesses who arrived at the scene shortly after the occurrence found Kaercher lying in the cartway about two feet in front of the car. It was dark at the place of contact; the nearest street lights were at the Seventh Avenue intersection and at the alley.

The burden was on this plaintiff to prove that defendant was chargeable with negligence which was the proximate cause of the accident. Kaercher was physically unable to move rapidly to a place of danger in the westbound lane of traffic on Eighteenth Street; he had silicosis in an advanced, if not the terminal, stage, with accompanying edema and he could get about only by walking slowly. The signed statement which Miller gave to the police on the night of the accident and his testimony at the trial, together, do not convict him of negligence as a matter of law. Whether he should have observed Kaercher in the cartway in time to avoid hitting him, under the circumstances, was a question for the jury. He was not bound to have his motor vehicle under instant control between crossings. *O'Farrell v.*

*Milgram,* 353 Pa. 468, 46 A. 2d 165. Kaercher in crossing between intersections was bound to exercise a higher degree of care than is required of a pedestrian at a regular crossing. *Aaron v. Strausser,* 360 Pa. 82, 86, 59 A. 2d 910. But there was a presumption, since he was dead, that he had exercised due care, and the question of his contributory negligence also was for the jury. The question of a defendant's negligence may be established by circumstantial evidence in accordance with the applicable rule as recently restated in *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 153 A. 2d 477.

Although the lower court properly refused to enter judgment for the defendant n.o.v., there is error in the refusal of defendant's motion for a new trial. We have no doubt that the jury in this case charged the defendant with negligence upon the following testimony for the plaintiff improperly admitted in evidence over the defendant's objection: John F. Garvin and his wife were walking *south* on Seventh Avenue shortly after seven o'clock on the evening here involved. Their testimony is substantially identical to this effect: They observed two automobiles proceeding northwardly through the intersection at Seventeenth Street (with a green light in their favor however) at a speed estimated at fifty miles per hour, as though racing; the witnesses were unable to describe the automobiles as to type or manufacture, or even as to color, and could not identify the driver of either of them as the defendant. They heard "the screeching of brakes", but they said "we didn't look back" and of course they could not say that either car turned left into Eighteenth Street. Since neither of these cars was identified as the one Miller was driving this testimony was wholly incompetent and irrelevant, and it was highly prejudicial to the defendant. Testimony as to the manner in which a motor vehicle was driven at a considerable distance

from the scene of the accident is incompetent and its admission is prejudicial error (*Fitzgerald v. Penn Transit Co.*, 353 Pa. 43, 44 A. 2d 288) and especially where as here there is no testimony identifying the defendant as the driver of the car.

The judgments are reversed and new trials are awarded.