Rost, Appellant, *v.* Wickenheiser.

Argued March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Beyer,* with him *Robert H. Reese, Jr., John L. Sampson, William W. Stainton,* and *Arnold, Bricker, Beyer & Barnes,* for appellant.

*Christopher S. Underhill,* with him *Windolph, Burkholder & Hartman,* for appellee.

OPINION BY JACOBS, J., June 21, 1974:

The appellant in the present case, Agnes Pearl Rost, instituted her action in trespass against Anthony J. Wickenheiser, Jr., claiming the negligent killing of her husband, William Rost. Upon trial, the jury returned a verdict for the defendant and the plaintiff filed motions for judgment *non obstante veredicto* and for a new trial. These motions were dismissed by the court en

banc, and this appeal was taken. We find that since the question of negligence was properly submitted to the jury pursuant to correct instructions by the trial judge, the court below correctly allowed the verdict to stand and refused to grant a new trial.

On the night of the accident the decedent and defendant were both visiting at the home of Mr. Walker, a neighbor of the Rost's. The decedent left at about 11:00 p.m. to walk next door to his own house. The defendant and Mr. Walker left moments later and approached the defendant's car, which was parked on the left side of the street, from the rear. The night was dark, the street poorly lighted and shaded by foliage, and neither the defendant nor Mr. Walker observed anything unusual in the vicinity of the car, although they did not look in front of the vehicle. Upon entering the car, the defendant turned on his lights, looked ahead through his windshield, and proceeded to move away from the curb into the street. Almost immediately, he became aware of what he described as a drag on the wheels of his car. He accelerated a little, but the drag continued to interfere with his forward motion. Believing he had come into contact with a plastic trash bag, he put his car into reverse, again felt the drag on his wheels, then backed far enough for his headlight to illuminate Mr. Rost's mangled body lying in the street. By the time the ambulance arrived, Mr. Rost was dead from the injuries sustained when he was run over by the defendant's car. How he came to be under the wheels of that vehicle is now a matter of speculation.

In support of her motion for judgment n.o.v., the appellant contends that the defendant had an affirmative duty to inspect the area in front of his car which he could not see when seated inside. According to the appellant, his admitted failure to perform this investigation should result in a judgment in her favor as a

matter of law. The authority upon which appellant bases this proposition is *Hahn v. Anderson,* 326 Pa. 463, 192 A. 489 (1937). In that case, the plaintiff recovered damages from a defendant who had struck a child who was seated on the sidewalk in front of the defendant's car, out of his line of vision. However, not only were the circumstances of that accident materially different from those of the present case, in that the driver there could have expected pedestrians of all sizes to be lawfully using the sidewalk in front of his car, but also the court explicitly stated that: "[t]he fact that the accident in question took place on a sidewalk makes the question of defendant Anderson's negligence one for the jury." *Hahn v. Anderson,* supra at 466-67, 192 A. at 490. Therefore, even where a pedestrian is struck on a sidewalk in the daytime, a defendant's failure to go around to look in front of his car before proceeding across is not negligence as a matter of law but a question properly submitted to the jury.

Appellant, however, argues further that the logic of the *Hahn* case as supported by other cases, holding the defendant liable for damages to those he should have seen but failed to see,[1] compels the conclusion that the defendant was negligent as a matter of law for failing to perceive the decedent in front of his car. *Kmetz v. Lochiatto,* 421 Pa. 363, 219 A.2d 588 (1966), eloquently states the rule that where the evidence shows the pedestrian was within the driver's line of vision, the driver's failure to see him is negligence per se. The fact that the driver was not looking for pedestrians does nothing to absolve him from liability. The driver can also be held responsible for injury to those who cannot

---

[1] *See, e.g., Kmetz v. Lochiatto,* 421 Pa. 363, 219 A.2d 588 (1966) ; *Haushalter v. Woodlawn & S. Motor Coach Co.,* 407 Pa. 65, 180 A.2d 10 (1962) ; *Dorris v. Bridgman & Co.,* 296 Pa. 198, 145 A. 827 (1929).

be seen due to some obstruction, such as the design of the vehicle, if there is reason to believe that the vehicle cannot be operated safely in the unseen area. *See, e.g., Lacaria v. Hetzel,* 373 Pa. 309, 96 A.2d 312 (1953); *Potter Title & Trust Co. v. Young,* 367 Pa. 239, 80 A.2d 76 (1951); *Lucas v. Ambridge Yellow Cab Co.,* 185 Pa. Superior Ct. 350, 137 A.2d 819 (1958). Appellant points out that the standard of care in these situations has been legislatively defined in §1012(a) of The Vehicle Code.[2] That section requires that: "[t]he driver of any vehicle upon the highway before starting . . . or entering the traffic stream from a parked position, shall first see that such movement can be made with safety."

Whether in a particular case a defendant driver should have seen a pedestrian in his path, or whether he was operating his vehicle safely when pulling out from the curb, are questions which cannot always be immediately determined with certainty from the facts. In disposing of a plaintiff's motion for judgment n.o.v. we must consider all facts and reasonable inferences to be drawn therefrom in the light most favorable to the defendant's cause and then only enter judgment against the verdict winner when no other reasonable course is open. *McElhinny v. Iliff,* 436 Pa. 506, 260 A.2d 739 (1970); *Brown v. Shirks Motor Express,* 393 Pa. 367, 143 A.2d 374 (1958); *Lucas v. Ambridge Yellow Cab Co.,* supra. The evidence in the present case shows that neither the defendant nor Mr. Walker saw the decedent in the vicinity as they approached the car on a dark night. No one was seen in front of the car when the occupants were seated inside with the headlights on. It appears from all the testimony that the decedent was in fact lying on the road close to the front of the

---

[2] Act of April 29, 1959, P.L. 58, §1012, *as amended,* September 16, 1961, P.L. 1373, §4, 75 P.S. §1012.

car. Whether under these circumstances, in the exercise of reasonable care, the defendant should have investigated completely around his vehicle before starting off is a question for the jury. *See Hronis v. Wissinger,* 412 Pa. 434, 194 A.2d 885 (1963); *Haushalter v. Woodlawn & S. Motor Coach Co.,* 407 Pa. 65, 180 A.2d 10 (1962); *Brown v. Jones,* 404 Pa. 513, 172 A.2d 831 (1961); *Kaercher v. Miller,* 191 Pa. Superior Ct. 416, 156 A.2d 368 (1959).

Appellant contends that in addition to defendant's failure to inspect in front of his car, he should be held negligent as a matter of law for his failure to stop his car immediately upon impact with the decedent. It is maintained that defendant's admission that he first accelerated and then put his car in reverse, after having become conscious of an impediment to his wheels, constitutes liability for damages to whatever the injured object may have been. This contention is based on the same theory discussed above: that if the defendant should have known that his activity constituted a danger due to his imperfect perception of the surrounding conditions, he has a duty to determine if his actions can be performed in safety before proceeding into the unknown.[3] Once again, whether he should have known of the risk present in the instant circumstances is a question for the jury to determine under the reasonable man standard. The plaintiff is required to prove to the jury's satisfaction that the defendant failed to exercise reasonable care in coping with the situation as it arose. Liability is not found as a matter of law simply because the defendant was unaware what his wheels had struck. *Fegely v. Costello,* 417 Pa. 448, 208 A.2d 243 (1965), discusses the duty owed by the driver in such circum-

---

[3] Appellant cites Restatement (Second) of Torts §289 (1965) and quotes comment *j* of that section. Even that comment, however, requires investigation only if a reasonable man would recognize the necessity of such investigation.

stances. "It is well established that the mere happening of an accident, even when a moving vehicle strikes a pedestrian lying on the road, does not establish negligence by either presumption or inference. . . . The duty owed by the defendant to the decedent must be viewed in light of the fact that the decedent appeared to the defendant as an 'object,' and to the plaintiff's witness as a 'pile of rags' lying on the edge of the highway. It was not shown that the defendant was aware, or should have been aware, in time to stop his car, that the 'object' was a man crawling along the edge of the highway." *Id.* at 449, 208 A.2d at 244. In the instant case, the jury could properly consider whether the fact that the defendant may have continued to accelerate slightly after impact constituted a danger to unseen pedestrians. *See also Lucas v. Ambridge Yellow Cab Co.,* supra at 353, 137 A.2d at 821.

The appellant alternatively requests a new trial, assigning as reasons certain alleged errors in the lower court's charge to the jury. Appellant first maintains that the jury should have been instructed on the principle of *Hahn v. Anderson,* supra, that the defendant had a duty to check in front of his parked car before driving away. Since the defendant admitted that he did not perform this investigation, such an instruction to the jury would be in effect directing them to find for the plaintiff. This the trial judge properly refused to do. The *Hahn* case stands for the principle that the jury may find in some circumstances, for example where a car is being driven from a parked position over a busy sidewalk, it is reasonable for a driver to avoid risk of injury to one using the sidewalk by walking around to look in front of his car. It cannot be said on the basis of the circumstances in the instant case that this defendant had such a duty. The issue was presented to the jury in its proper perspective by the trial judge's

general charge on negligence and the duty of due care under the circumstances.

The trial judge also instructed the jury on appellant's sixth point for charge that the defendant had an immediate duty to stop and investigate the obstruction he perceived in his path upon pulling away from the curb. Appellant contends that it constituted prejudice for the trial judge to qualify his charge by stating the testimony was in dispute as to that issue. However, no objection was made to this qualification at the time of trial. Furthermore, the statement was not erroneous since the record reveals significant uncertainty as to the sequence of events which operated to give the defendant notice of the impact. Otherwise, the instruction that the jury should find negligence if it found that the defendant accelerated instead of stopping immediately to investigate was more favorable than anything the appellant had reason to expect. The duty to investigate an unusual condition only arises when a reasonably prudent person would recognize the existence of a risk. *Lucas v. Ambridge Yellow Cab Co.,* supra; *see also* Restatement (Second) of Torts §289, comment *j* at 44 (1965).

The appellant finally assigns as error the trial judge's failure to charge the jury on the legislative definition of the standard of care required of a driver as set forth in §1012(a) of The Vehicle Code. The plaintiff's points for charge did not include a request for the court to instruct the jury on this section. The trial judge, however, in his general charge adequately informed the jury on the care required of a motor vehicle operator and, therefore, no fundamental error resulted from the failure to give instructions specifically addressed to this section.

Judgment affirmed.