## Taylor et al., Appellants, *v.* Fardink.

Argued June 11, 1974. Before WATKINS, P. J., HOFF-MAN, CERCONE, VAN DER VOORT, and SPAETH, JJ. (JACOBS and PRICE, JJ., absent).

*Fred J. Silverman,* with him *Bernard L. Kubert,* for appellants.

*William H. Pugh, IV,* with him *Bean, DeAngelis, Kaufman & Kane,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

The sole meritorious question raised by this appeal is whether reversible error was committed by permitting an eyewitness to testify in the manner of a conclusion as to appellee's negligence.

The subject of the instant suit arose from an accident involving the appellee, Donna L. Short Fardink, and minor appellant, a nine-year-old pedestrian. On Wednesday, October 28, 1970, at or about 2:20 p.m. on Terwood Road in Upper Moreland Township, Montgomery County, appellee's vehicle struck and seriously injured minor appellant. Suit was commenced on May 5, 1971, by minor appellant's father, John Taylor, suing both in behalf of minor appellant and in his own right. A trial was held before a jury on December 13 and 14, 1972, and a verdict was returned in favor of the defendant-appellee. From the denial of post-trial motions, this appeal followed.

At trial, appellee called Thomas W. Huston, a 19-year-old neighbor of appellants, the only eyewitness to

the accident not a party to the case. Over appellants' strenuous objections, the trial judge allowed appellee to ask the witness the following question on direct examination: "Is there anything in your opinion that this driver could have done to avoid this accident?" to which the witness replied, "Well, she applied her brakes and swerved. *I didn't see what else she could have done.*" (Emphasis supplied).

It has long been the rule in Pennsylvania that where mere descriptive language is inadequate to convey to the jury the precise facts of a case or their bearing on the issues of the case, a witness may supplement his descriptions by his opinions; but when the circumstances are such that they can be fully and accurately described to the jury, and persons without special knowledge and training are capable of estimating their bearing on the issues, opinions of witnesses, whether expert or otherwise, are inadmissible. *Della Porta v. Pennsylvania R.R. Co.,* 370 Pa. 593, 88 A. 2d 911 (1952); *McKim v. Philadelphia,* 217 Pa. 243, 66 A. 340 (1907); *Graham v. Pennsylvania Co.,* 139 Pa. 149, 21 A. 151 (1891); *Strausser v. Strunk,* 222 Pa. Superior Ct. 537, 295 A. 2d 168 (1972) (HOFFMAN, J., concurring in a per curiam affirmance without opinion). This policy makes no distinction between witnesses or parties, adverse or otherwise. *Starner v. Wirth,* 440 Pa. 177, 269 A. 2d 674 (1970). It is also well settled that the admission of incompetent opinion evidence which goes to the legal conclusions to be drawn by the factfinder constitutes reversible error. *Collins v. Zediker,* 421 Pa. 52, 218 A. 2d 776 (1966); *Brodie v. Phila. Trans. Co.,* 415 Pa. 296, 203 A. 2d 657 (1964). In *Brodie,* the Supreme Court found the incompetent opinion evidence to be "grossly speculative and an invasion of the jury's exclusive prerogative." 415 Pa. at 299, 203 A. 2d at 658. The Court found that the improper opinion evidence "tainted the verdict in all actions and could well have

been the basic factor influencing the jury's determination of the liability question. It was sufficiently prejudicial to warrant a new trial." *Idem.*[1]

The crucial issue before the jury in this case was whether or not appellee was negligent. The mere happening of the accident and the fact that her vehicle struck minor appellant did not constitute proof of negligence. *Gatens v. Vrabel,* 393 Pa. 155, 142 A.2d 287 (1958). Nor did it raise a presumption of negligence on the part of appellee. *McAvoy v. Kromer,* 277 Pa. 196, 120 A. 762 (1923). What is contended is that the trial judge, over persistent objection, erroneously permitted the only eyewitness not a party to the suit to tell the jury that appellee had done everything she could have done to avoid the accident.

There was nothing in the nature of the circumstances of this case which prevented the witness from describing to the jury the specific acts which he observed appellee taking in an attempt to avoid the accident: swerving to the left and applying her brakes. It was error to allow the witness to announce to the jury his conclusion that the appellee had done everything that she could have done to avoid the accident: that appellee had not been negligent. Thus, in *North Pennsylvania R. Co. v. Kirk,* 90 Pa. 15, 20 (1879), the Supreme Court held that it was improper to ask the witness, a brakeman, "Did you omit to do anything you could have done to prevent this accident?" The Court noted that "[i]t was competent to prove all that was done by the witness. But it was for the jury to decide

---

[1] Had the jury specifically found that minor appellant had been contributorily negligent, the introduction of witness's statement would have been harmless error. But because the jury below returned a general verdict, we cannot tell whether its decision for appellee was based on a finding of no negligence on appellee's part, or on a finding of contributory negligence on the part of the minor appellant.

264

whether by acts done or duties omitted he had been guilty of negligence."

Appellants contend that it was error for the trial judge to instruct the jury that appellee, a motorist, had the right of way over minor appellant, a pedestrian who was attempting to cross Terwood Road at a point where there was neither a crosswalk nor an intersection. It is the trial judge's duty to instruct the jury as to the law applicable to the facts presented by the evidence. Thus, the trial judge properly instructed the jury as to the respective rights and duties of a driver and a nine-year-old pedestrian as applied to the facts of this case.[2] It was in this context that the trial judge instructed the jury as to the law concerning right of way. The Vehicle Code, Act of April 29, 1959, P. L. 58, §1013(c), 75 P.S. §1013(c), provides in relevant part that "[e]very pedestrian crossing a highway within a business or residence district, at any point other than a crosswalk, shall yield the right of way to vehicles upon the highway." The trial judge then charged the jury on the law as announced in *Gatens v. Vrabel*, supra, which held that a pedestrian who crosses a street between intersections is held to a higher degree of care than at street intersections, while the driver of a motor vehicle is held to a correspondingly lesser degree of care. We believe the trial judge adequately charged the jury as to the law of right of way.[3]

[2] As part of that charge, the trial judge instructed the jury that a minor between the ages of seven and fourteen is presumed to be incapable of contributory negligence, but that presumption may be rebutted.

[3] Indeed, this Court has held that it is reversible error for a trial judge to refuse to instruct the jury concerning right of way at the request of a defendant where the defendant is charged with negligently injuring plaintiff pedestrians who attempt to cross a street at a place other than a crosswalk. *Gaev v. Mandell*, 219 Pa. Superior Ct. 397, 281 A. 2d 699 (1971).

As their final assignment of error, appellants contend that the trial judge incorrectly charged the jury as to the law of contributory negligence. Appellants argue that the trial judge instructed the jury according to the holding of *Crane v. Neal,* 389 Pa. 329, 132 A.2d 675 (1957), which was specifically overruled by the Supreme Court in *McCay v. Phila. Electric Co.,* 447 Pa. 490, 291 A.2d 759 (1972). In *Crane,* the Court erroneously ruled that " 'a plaintiff is guilty of contributory negligence and cannot recover if his negligence contributed in any degree, however slight, to the injury.' " *Crane,* 389 at 332-333, 132 A.2d at 677, quoting from *McDonald v. Ferrebee,* 366 Pa. 543, 546, 79 A.2d 232 (1951). The correct rule, as declared in *McCay,* supra, is that a plaintiff can only be found to be contributorily negligent if his negligence is found to be a proximate cause of his injury.

Appellants admit that the trial judge initially charged the jury as to the requirement of proximate cause in contributory negligence, in accordance with *McCay,* supra. They argue, however, that he later instructed the jury as to contributory negligence according to the discredited doctrine of *Crane v. Neal,* supra, by charging that "contributory negligence is conduct for which the injured party was responsible, amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which concurring and cooperating with actionable negligence for which the defendant was responsible contributes to the injury complained of. In other words, if the injured child, David Taylor in this case, was negligent himself and if that negligence joined with the negligence of the defendant to produce the injury, there can be no recovery against the defendant."

In reviewing the correctness of the charge, we must study it in its entirety. *McCay v. Phila. Electric Co.,* supra. The entire charge on the subject of contributory

266

negligence was contained within five pages. The trial judge began by instructing the jury as to the requirement of proximate cause in contributory negligence; he repeated this requirement three times. Shortly after completing his charge as to contributory negligence, he charged the jury at length as to the law of proximate cause. "Although this portion of the charge could possibly be interpreted to suggest an adherence to the erroneous 'slightest degree' test, we believe that when reviewed in its entirety the trial court's charge to the jury on contributory negligence was in compliance with Pennsylvania law." *McCay v. Phila. Electric Co.,* 447 Pa. at 496, 291 A.2d at 762.

While we reject appellants' contentions that the trial judge's instructions to the jury on the subjects of right of way and contributory negligence were improper, we must hold that the introduction of the eyewitness' opinion on a conclusion of law as derived from his observations was reversible error.

Order and judgment of the court below are reversed and a new trial granted.

JACOBS and PRICE, JJ., did not participate in the consideration or decision of this case.