384 A.2d 1298

Kathryn LAVELY and Thomas S. Lavely, her
husband, Appellants,

v.

Stephen G. WOLOTA.

Superior Court of Pennsylvania.

Argued Nov. 21, 1977.

Decided April 13, 1978.

James Victor Voss, Pittsburgh, for appellants.

James F. Malone, III, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting a compulsory non-suit. Appellant argues that the jury should have considered the question of appellee's negligence and that she was not contributorily negligent as a matter of law. We agree, and, therefore, reverse and remand for a new trial.

On December 27, 1973, appellant[1] filed a complaint in trespass which alleged that appellee's negligent operation of his truck caused severe injuries to appellant. At trial on October 4, 1976, appellant produced the following evidence. On October 5, 1973, at 1:45 p. m., on a clear, dry day, appellant exited from the Oliver Building where she worked in downtown Pittsburgh. Sixth Street runs north and south in front of the Oliver Building where appellant emerged. Sixth Street is a four lane road although only two lanes were used for through traffic. Appellant was approximately 50 feet north from the intersection of Sixth Street and Smithfield Street which is controlled by a traffic signal. Appellant walked straight to the edge of the sidewalk; she observed that southbound traffic was stopped and that there was no northbound traffic. Appellant glanced to her right and noticed that pedestrians were crossing Sixth Street at its intersection with Smithfield Street at the traffic light. Appellant saw a large flatbed truck in front of her on Sixth Street. The truck was stopped in the inside lane of southbound traffic and there were stopped vehicles both in front of and behind the truck. No vehicles were in the southbound curb lane. Appellant stepped off the curb and attempted to get the attention of the truck's passenger. Having failed to hail him, she stepped back onto the sidewalk and turned toward Smithfield Street. After taking a few steps toward Smithfield Street, a woman cut diagonally in front of appellant, stepped into Sixth Street and began to cross in front of the truck. Upon observing the other

---

1. Appellant's husband also sued appellee in his own right for medical expenses and loss of consortium. For convenience, we refer only to Mrs. Lavely as appellant.

woman step into the street, appellant turned on the sidewalk to again face Sixth Street. She glanced at the truck and ascertained that it was still stopped and that the driver was looking directly ahead of him. Appellant stepped off the curb and followed the other woman across the street and in front of the truck. The next thing appellant remembered was being under the wheels of the flatbed truck. She suffered severe injuries.

Appellant also testified that there was a distance of about 2 or 2½ feet between the truck and the vehicle in front of it. Appellant stated that she is 4'10" tall. There is some evidence that the window of the cab of the truck is higher than 5'10" from the ground.

A Pittsburgh policeman testified that on October 5, 1973, he was a passenger in a police car that was cruising north on Sixth Street. The police car crossed Smithfield Street and the officer then observed a human form rolling under the wheels of appellee's truck. He and his partner stopped the truck and called an ambulance. Another Pittsburgh police officer testified that he examined the truck after the accident. He found blood on the wheels of the bed of the truck and some debris near the wheel. The officer found no stains or debris on the front of the truck.

At the termination of appellant's evidence, the lower court entered a compulsory non-suit and dismissed the case. The court, en banc, affirmed and this appeal followed.

Appellant contends that the lower court erred in granting a compulsory non-suit. "In evaluating the entry of a compulsory nonsuit, our Court must accept as true the facts presented by appellant, read the evidence in the light most favorable to the appellant and give the appellant the benefit of all reasonable inferences and deductions arising from such evidence. *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 372 A.2d 736 (1977). When the trial court is presented with a choice between two reasonable inferences, the case must be submitted to the jury. *Paul v. Hess Bros., Inc.*, 226 Pa.Super. 92, 312 A.2d 65 (1973)." *Norton v. City*

*of Easton*, 249 Pa.Super. 520, 523–524, 378 A.2d 417, 419 (1977); *Berry v. Lintner*, 226 Pa.Super. 562, 323 A.2d 253 (1974).

■ Appellant specifically argues that the lower court erred in finding, as a matter of law, that appellee was not negligent. "It is well established that the mere happening of an accident . . . does not establish negligence by either presumption or inference. *Rost v. Wickenheiser*, 229 Pa.Super. 84, 91, 323 A.2d 154, 157 (1974); *Taylor v. Fardink*, 231 Pa.Super. 259, 331 A.2d 797 (1974); *McNett v. Briggs*, 217 Pa.Super. 322, 272 A.2d 202 (1970). Accordingly, we must scrutinize appellee's duty to appellant under the circumstances and determine whether reasonable minds could differ on the issue of appellee's negligence.

Pennsylvania cases which have considered the duty of a motorist towards a pedestrian who is crossing a street between intersections have stated that:

"[E]very pedestrian crossing a highway within a business or residence district, at any other point other than a crosswalk, shall yield the right of way to vehicles upon the highway. . . . A pedestrian who crosses a street between intersections is held to a higher degree of care than at street intersections, while the driver of a motor vehicle is held to a correspondingly lesser degree of care." *Taylor v. Fardink*, supra, 231 Pa.Super. at 264, 331 A.2d at 800; *Gaev v. Mandell*, 219 Pa.Super. 397, 281 A.2d 699 (1971); *Brown v. Jones*, 404 Pa. 513, 172 A.2d 831 (1961). However, a driver does have a duty to maintain a proper lookout and to observe what is occurring in front of and around his vehicle.

"[T]he law requires unremitting vigilance at the wheel, which vigilance necessarily encompasses a constant viewing of what is ahead. At one time or another, even if only momentarily, the plaintiff was within the defendant's line of vision. If he did not see him, only one conclusion is possible, and that is that he was not looking. Not looking while operating an engine which can crash, mangle and cripple all before it is negligence per se." *Kmetz v. Lochiatto*, 421 Pa.

363, 219 A.2d 588 (1966). In *Rost v. Wickenheiser,* supra, our Court discussed the duty of a driver to discover impediments in his lane of travel. We reasoned that a driver must observe pedestrians in his line of vision and take precautions not to injure them. We indicated that the "fact that a driver was not looking for pedestrians does nothing to absolve him from liability. The driver can also be held responsible for injury to those who cannot be seen due to some obstruction, such as the design of the vehicle, if there is reason to believe that the vehicle cannot be operated safely in the unseen area." 229 Pa.Super. at 88–89, 323 A.2d at 156. In *Lucas v. Ambridge Yellow Cab Co.,* 185 Pa.Super. 350, 137 A.2d 819 (1958), a cab driver stopped to permit several adults and children to cross the street in front of his cab. He then started his cab and ran over a three year old child who had not reached a position of safety. On appeal from the denial of judgment N.O.V., the cab driver contended that there was no evidence of negligence. Our Court held that the question of defendant's negligence was for the jury which had to consider whether the driver should have given a warning signal or whether he kept a proper look out. The Vehicle Code,[2] § 1012 provides as follows:

"The driver of any vehicle upon a highway before starting, stopping, turning from a direct line, moving from one traffic lane to another or entering the traffic stream from a parked position, shall first see that such movement can be made with safety. If any pedestrian may be affected by such movement a clearly audible signal shall be given by sounding the horn. Before making any such vehicle movement, the driver shall give a plainly visible signal in the manner described in this section."

We believe that Pennsylvania cases and the Vehicle Code require that when a driver is starting his vehicle from a stopped position he must ascertain whether he can make

2. The Vehicle Code, Act of April 29, 1959, P.L. 58; 75 P.S. § 1012. The Vehicle Code has been substantially revised; *see,* The Vehicle Code Act of June 1976, P.L. 162, Act No. 81, eff. July 1, 1977; 75 Pa.C.S. § 101 et seq.

such a movement safely. Thus, a driver has a duty to maintain a proper lookout and to assure himself that no pedestrians will be injured by his movement.

In the instant case appellee was seated in his truck, stopped in a line of traffic. The incident occurred in downtown Pittsburgh near lunch time on a clear, dry day. It is not unreasonable to have expected appellee to anticipate the presence of pedestrians in front of his truck. Appellant testified that another woman crossed Sixth Street directly in front of her and that the truck was stopped when appellant began to cross. We believe that appellee had a duty to keep a proper lookout and that the jury could infer that his failure to do so resulted in his running over appellant. In determining whether a case is to be submitted to the jury, the judge cannot choose between two reasonable inferences. The facts are for the jury if a reasonable conclusion can be reached which would place liability on the defendant. *McNett v. Briggs*, supra. We believe that under the circumstances of the instant case, the question of whether appellee maintained a proper lookout was for the jury.

Appellant also contends that the lower court erred in finding, as a matter of law, that she was contributorily negligent. A plaintiff may be declared contributorily negligent as a matter of law only when his negligence is so clearly revealed that there is no room for reasonable disagreement as to its existence. *Diebold v. Sommerville*, 207 Pa.Super. 31, 215 A.2d 313 (1965). The mere fact that a plaintiff crosses between intersections is insufficient to prove contributory negligence. *Gregorich v. Pepsi-Cola M. B. Co., Inc.*, 230 Pa.Super. 144, 327 A.2d 171 (1974). In fact, a pedestrian has a perfect right to rely on the exercise of reasonable care by the drivers of automobiles on the highways. *Brown v. Jones*, supra. A pedestrian may not cross a street without exercising due care, but whether that care has been manifested or not is a question of fact for the jury. *Brown v. Jones*, supra.

In the instant case, appellant testified that the truck was stopped when she began to cross the street. She looked at the driver and saw that he was looking straight ahead. She saw another pedestrian cross the street ahead of her in the exact same location. Under these circumstances, we find that whether she exercised due care in crossing between intersections was a question of fact for the jury. Accordingly, we find that the lower court erred when it entered a compulsory nonsuit.[3] We reverse and remand for a new trial.

Order reversed and case remanded for a new trial.

JACOBS, President Judge, and PRICE, J., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

3. Subsumed in appellant's arguments is the contention that she is entitled to a presumption of due care because she does not remember all of the facts of the incident. However, even without giving appellant the benefit of this presumption, the case should have gone to the jury. Therefore, we need not determine whether appellant is entitled to such a presumption.