## Shafer v. Spencer Hospital

*Craig A. Markham,* for plaintiff.
*Sean J. McLaughlin,* for defendant Spencer Hospital.
*Patricia J. Kennedy,* for defendant Robert Bazylak M.D.

THOMAS, *S.J.,* May 22, 1991—This matter comes before the court on the preliminary objections of plaintiff to the new matter asserted by defendants Spencer Hospital and Dr. Robert Bazylak in which they assert the mother of the minor plaintiff was negligent because she continued to smoke during her pregnancy which caused plaintiff to have a low birth weight, which in turn may have contributed to the development of cerebral palsy to the minor plaintiff. Defendants assert (1) the contributory negligence of the mother is to be imputed to the child; or (2) the mother, although not a party to the proceeding, is a joint tort-feasor contributing to or causing the child's injuries.

## PROCEDURAL HISTORY

This action was commenced on April 19, 1988 by writ of summons naming minor child John H. Shafer, acting through parents as guardians, and

John R. and Constance J. Shafer, in their own right, as plaintiffs. Defendants were Spencer Hospital, now Meadville Medical Center, and Edward J. Owens. The complaint was filed on July 18, 1988, and alleged four causes of action: (1) negligence against Spencer Hospital; (2) negligence against Dr. Owens; (3) breach of contract against Spencer Hospital; and (4) breach of contract against Dr. Owens. Plaintiffs also asserted a claim for loss of consortium.

This court on June 27, 1989, granted partial summary judgment to defendants on the paragraphs relating to loss of consortium (paragraphs 39(b) and (c)).

At argument on defendants' motion for summary judgment in which defendants asserted the statute of limitations had run and was a bar as to all counts, plaintiff's parents abandoned their individual claims. We denied summary judgment as to the minor plaintiff's claims for negligence by order of June 6, 1990.

Plaintiff amended the complaint for the second time after motion for leave was granted on October 10, 1990. Dr. Robert Bazylak was added as a party defendant individually and with Dr. Owens as owner/shareholders to the professional corporation, Drs. Owens and Bazylak Inc., now by name change, Edward J. Owens, D.O., P.C.

Doctors Bazylak and Owens and the medical center then filed their answers to the second amended complaint in which Dr. Bazylak and the medical center raised the issue to be decided in their individual new matter pleadings. Plaintiff then filed his preliminary objections to the new matter of the medical center and Bazylak.

## ISSUE

Defendant Bazylak asserted the following two paragraphs at issue in his new matter.

"(56) It is believed, and therefore averred, that John H. Shafer's condition was caused or aggravated by his low birth weight. It is averred that his low birth weight was caused by the failure of Constance J. Shafer to provide appropriate prenatal care, including, but not limited to, smoking throughout the course of her pregnancy against her physician's advice which constituted negligence on her part.

"(57) The claims made by the minor plaintiff are barred, and/or should be reduced as a result of the contributory negligence of Constance J. Shafer."

Defendant medical center in its new matter asserted the following paragraph at issue:

"In the event that subsequent investigation reveals that the minor child's harm resulted from a failure of the parents and natural guardians to follow medical instructions or to provide appropriate follow-up medical care, it is specifically averred that there was contributory negligence sufficient to diminish rights of recovery under the Pennsylvania Comparative Negligence Act."

Defendants have thus argued two possible alternatives to allocate fault to the parents: (1) that because the minor child was in utero when the mother committed her negligence, that negligence can be imputed to the unborn child; or (2) that the mother is a joint tort-feasor.

Plaintiff contends that the law is clear in Pennsylvania that a parent's negligence may not be imputed to a minor child, and the fact the minor was unborn at the time of the alleged negligence does not change that fact. Plaintiff also argues that the mother cannot

be a joint tort-feasor, to the end that fault may be allocated to her under the Comparative Negligence Act, 42 P.S. §7102, because she is not a party to the proceedings. Plaintiff concedes that the mother's negligence is only at issue if it is determined by a jury that her negligence was the sole proximate cause of the child's condition and injuries, and unless there is such a finding, there can be no apportionment of fault.

## DISCUSSION

The law is quite clear in Pennsylvania that an alleged negligent act or omission of a parent may not be imputed to his or her child to bar or reduce the minor's claims. *Potenko v. Sears, Roebuck and Company,* 368 Pa. 582, 84 A.2d 522 (1951); *Lucas v. Ambridge Yellow Cab,* 185 Pa. Super. 350, 137 A.2d 819 (1958); *Eshbach v. W.T. Grant. Co.,* 481 F.2d 940 (3d Cir. 1973) (interpreting Pennsylvania law).

Defendants contend that the factual distinction of a child in utero, in which a mother's and child's actions cannot be distinguished, requires the court to find that parental negligence *can* be imputed to the unborn child. Defense counsel cites no case authority for this postulation.

The legal status of a minor is different than its parents, with its own rights and privileges. Accordingly, we do not find the peculiar facts of this case requires deviation from a long-established principle in the Commonwealth.

Defendants also assert that the mother may be a joint tort-feasor. The facts of the case however do not lend themselves for a finding of joint and several liability. The tort-feasor who originally causes an injury and a physician who subsequently aggravates

or causes new injuries are not joint tort-feasors. *Harka v. Nabati,* 337 Pa. Super. 617, 489 A.2d 432 (1985).

"The acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against each other's acts, and each breaching a different duty owed to the injured plaintiff." *Harka v. Nabati, supra; Lasprogata v. Qualls,* 263 Pa. Super. 174, 179-80, 397 A.2d 803, 805 (1979).

In addition, under the Comparative Negligence Act, apportionment is not provided as to *all* tort-feasors responsible for the injury, *but only those "defendants" against whom recovery is allowed.* "The trier of fact is simply to apportion liability on a percentage basis among the *defendants on the record* against whom recovery is allowed." *Kelly v. Carborundum Co.,* 307 Pa. Super. 361, 453 A.2d 624 (1982); *Ryden v. Johns-Manville Products,* 518 F.Supp. 311, 316 (W.D. Pa. 1981). (emphasis supplied)

Accordingly, the minor plaintiff's mother cannot be contributorily negligent nor a joint tort-feasor. However, defendants may plead by way of new matter that defendants' acts or omissions, if any, were not the proximate cause of plaintiff's injuries, by attempting to plead that the mother's negligence was the *sole proximate cause of the injuries.*

Therefore, we will require defendants to amend their new matters, deleting all references to imputed contributory negligence to the minor child, or the mother's joint negligence, but they may plead in new matter that the mother's and not defendants' negligence, if any, was the sole proximate cause of plaintiff child's injuries.