Sandherr *v.* Pottsville, Appellant.

548

Argued June 13, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Howard G. Stutzman,* with him *Stutzman, Lewis and Sidoriak,* for appellant.

*Joseph H. Jones,* with him *Calvin J. Friedberg,* and *Hicks, Williamson, Friedberg, Jones and McKenna,* for appellees.

OPINION BY FLOOD, J., September 12, 1963:

This is an appeal from the refusal of the court below to grant the defendant city's motion for judgment n.o.v. following a verdict for the plaintiffs in a suit for damages for injuries Mrs. Sandherr sustained when she stepped into a hole in a sidewalk. The city argues that she was guilty of contributory negligence as a matter of law. The accident occurred in the daylight hours and the hole was clearly visible. Consequently, the city's contention must be upheld unless Mrs. Sandherr shows conditions external to herself which prevented her from seeing the defect or excused her failure to observe it. *Pro v. Pennsylvania Railroad Co.*, 390 Pa. 437, 135 A. 2d 920 (1957); *Walker v. Stern*, 132 Pa. Superior Ct. 343, 200 A. 897 (1938).

The narrow question before us, therefore, is whether Mrs. Sandherr testified to such circumstances as justified or required the submission to the jury of the question whether these circumstances prevented her from seeing the defect or excused her failure to observe it. She testified that as she approached the location of the hole she heard a screeching of brakes which distracted her. She had seen an old lady about to cross the street and upon hearing the noise of the brakes she turned toward where she thought the old lady would be, and as a result stepped into the hole and fell. Under the cases this takes the case to the jury. *Pro v. Pennsylvania Railroad Co.*, supra; *Emmey v. Stanley Co.*, 139 Pa. Superior Ct. 69, 10 A. 2d 795 (1940).

The defendant argues that in such cases as *Pro v. Pennsylvania Railroad Co.*, supra, and *Sculley v. Philadelphia*, 381 Pa. 1, 112 A. 2d 321 (1955), the plaintiff was in the roadway, not on the sidewalk, and was distracted by a possible danger to herself. But this was not so in *Emmey v. Stanley Co.*, supra, where she was on the sidewalk and was attempting to avoid certain men in her path but was not, apparently, in danger of

injury. If the noise and the screeching of the brakes were such that a person of ordinary prudence might be excused for turning his head to see what was happening, or might be expected to turn his head involuntarily and thus miss seeing the hole, it is for the jury to say whether, if Mrs. Sandherr was actually distracted by it, it was or was not such an event as excused her for not seeing the hole in the pavement. As the Supreme Court said in *Pro v. Pennsylvania Railroad Co.,* supra, at 440, 135 A. 2d 920, 921-22, "The law is clear that where a party walks into an obvious, clearly visible defect in his path in broad daylight he must shoulder the burden of proof of conditions outside himself which prevented him from seeing the defect or excuse his failure to observe it . . . It is obvious that where such conditions do exist the party then has an excuse for walking by faith." The jury found in the plaintiff's favor and the court below properly refused to enter judgment n.o.v.

Judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

What, in fact, the majority is doing in this case is legislating out of existence the long established rule that one who, in broad daylight, walks into an obvious and exposed defect in a sidewalk is guilty of contributory negligence as a matter of law and may not recover. If one can avoid the application of the rule by saying he was distracted because he heard a noise like the screeching of brakes, he may excuse his inattention for any other reason regardless how trivial. In my opinion, this claimant should be charged with the responsibility of attentiveness rather than excused because of her curiosity.

I dissent.

WOODSIDE, J., joins in this dissent.