**Ruby WAND, Plaintiff-Appellant,**

v.

**CITY OF SHELBINA, Defendant-Respondent.**

No. 52689.

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 13, 1967.

Edward, Hess & Collins, Macon, for plaintiff-appellant.

Bollow, Crist & Bollow, Shelbina, for defendant-respondent.

LAURANCE M. HYDE, Special Commissioner.

Action for $35,000.00 damages for personal injuries sustained by falling on a sidewalk step in the City of Shelbina. The trial court directed a verdict for defendant and plaintiff has appealed from the judgment entered.

There was an inch wide crack, six or eight inches deep, all the way across the step involved, which had been there for months. The issues are causation (was plaintiff's fall caused by stepping in the crack?) and contributory negligence (was plaintiff's conduct contributory negligence as a matter of law?). Plaintiff was the only witness to testify to the facts on which these issues must be determined.

Plaintiff, then 74 years old, came north across Walnut Street (an east-west street) on Center Street (a north-south street) intending to continue north on the west side of Center Street. She had to step up from the street (six or eight inches) onto the defective step and then step up again (ten or twelve inches) from the defective step onto the sidewalk which ran along the west side of Center Street. The step was about a foot and a half wide. Plaintiff knew the crack was in the step and intended to avoid it. She said: "[J]ust as I had my foot ready to step, why, a car honked, and I glanced around. I thought it was my daughter. The next thing I knew my foot hit. I fell. I don't know, my foot creeled and I caught my toe in the walk or something, and I fell just headlong. * * * I was just walking right up there and thought I knowed right where I was going to step. I raised my foot to step, and that car honked and I glanced around. When my foot hit, it turned or something, and it caught my toe and threw me. * * * I don't really know where I put my foot. I thought I knowed where I was going to put it, but when I glanced I didn't put it, I don't guess, but there was a good place there to put my foot. I know that. * * * I was just in the process of stepping. I knowed where I was going to step, and when I glanced around, why, my foot just went in that there thing, caught my toe someway and it threw me. * * * I was watching and lifting

my foot up to step on that step, and that car honked, and I just glanced around for a second, and I guess in that time my foot went down. I felt it touch the walk, and it kind of creeled and caught my toe, and it just threw me."

■ As to causation, it is contended that plaintiff's evidence was insufficient to show that the defective condition of the step caused her fall because she did not know what caused her to fall or whether her foot went into the crack. However, our view is that it would be a reasonable inference from all of plaintiff's evidence, considered together, that her foot went into the crack in that step and that caused her to fall. As to contributory negligence, plaintiff's contention is that "the car horn which plaintiff thought was her daughter's was a sufficient diversion, in view of the degree of danger which the crack posed, to support a jury finding that plaintiff was not guilty of contributory negligence for putting her foot down on the crack instead of on the good piece of concrete along side of it." Plaintiff cites Harbourn v. Katz Drug Co., Mo., 318 S.W.2d 226, 1. c. 232, 74 A.L.R.2d 938; Stottlemyre v. Missouri Pac. R. R. Co., Mo.App., 358 S.W.2d 437, 1. c. 441; Goldman v. City of Columbia, Mo.App., 211 S.W.2d 541, 1. c. 543; Butler v. City of University City, Mo.App., 167 S.W.2d 442, 1. c. 445, 447; 65A C.J.S. Negligence § 120(2), p. 64; 38 Am.Jur. 863, Negligence, Sec. 187; Annotation, 74 A.L.R.2d 950, 960. Some of these authorities are more applicable to excuse of forgetfulness than to diverting attention at the time of encountering a defect or obstruction. However, it is stated in 25 Am.Jur. 760, Highways, Sec. 468: "The fact that the traveler's attention was diverted from the way at the time of encountering a defect or obstruction therein, by some cause adequate to effect that result, will ordinarily prevent his being held guilty of contributory negligence, as a matter of law, in failing to observe or avoid it." See also A.L.I. Restatement of Torts 2d, Sec. 289, Comment k.

A case applying that rule, in circumstances somewhat similar to this case, is Deane v. Johnston, Fla., 104 So.2d 3, 65 A.L.R.2d 957, where the plaintiff tripped over a scale on a sidewalk. Plaintiff knew the scale was there but while waiting near it for a bus, plaintiff's employer, in an automobile stopped for a stop light, called her name. Plaintiff turned, started toward him also watching the traffic light, and fell over the scale. The court agreed with plaintiff's contention "that the case was one for jury consideration because of the 'distraction rule' whereunder, if her attention was diverted from the known danger by a sufficient cause, the question of contributory negligence is for the jury." Another similar case is McDonald v. Heinemann, Mo. App., 141 S.W.2d 177, in which the plaintiff fell over a scale on a sidewalk when just before he reached it "some passerby called out plaintiff's name from out in the street, and as he turned his head in the direction from which the call had come, he stumbled over the scale." The court held "the issues both of defendant's negligence and of plaintiff's contributory negligence were matters for the jury to determine."

■ Another case on this issue is Dennis v. City of Albemarle, 242 N.C. 263, 87 S.E.2d 561. There a rather low electric power wire had been constructed over a road used frequently by the plaintiff. This wire was run from an old church to a tool house to operate saws used in construction of a new church. Plaintiff on the occasion of his injury was having hay hauled over the road and knew the wire was there. Plaintiff was standing on hay bales on the back of the truck with one Greene. Their heads were higher than the main hay load in front of' them. Plaintiff was watching for the wire, as was Greene, but had not yet seen it because of trees behind it. When he was within ten feet of the power line a workman on the steeple of the church called to plaintiff who instinctively looked in that direction and answered: "Good morning, son." When he turned back he looked for the wire but did not see it as it

came sliding over the top of the hay in front of him. Green saw it, called "duck" and got out of its way but the wire struck plaintiff in the mouth and threw him off the truck. The court ruled: "Upon the evidence here presented, the inference is permissible that plaintiff responded involuntarily when accosted by one calling from the steeple of the church. It can hardly be said that, when plaintiff's attention was momentarily diverted by this rather unusual greeting, the only permissible inference is that he failed to act as an ordinarily prudent person would have acted under the circumstances then existing." In this case, another opinion was written on the petition for rehearing, 243 N.C. 221, 90 S.E.2d 532, on the claim "that the fact that the momentary diversion of his attention was an involuntary response to the workman's call to him from the church steeple is irrelevant as a circumstance in his favor in determining what an ordinarily prudent person would have done under the same or similar circumstances." The court overruled this contention, saying: "Under the circumstances the question here is not whether one who fails to look when he is under duty to do so is excused by a diverting circumstance. Rather, it is a question as to whether a person who is keeping a proper lookout is charged with contributory negligence as a matter of law because he is momentarily and involuntarily diverted." Our conclusion is that we have the same question here and that it is an issue to be determined by the jury.

■ Defendant, of course, contends that the sounding of the automobile horn was only a trivial diversion which could not excuse plaintiff in the process of taking a step in close proximity to the defect in the sidewalk step. However, under the above authorities, we consider its triviality and effect to be for the jury to determine in deciding the issue of contributory negligence. Defendant also contends that plaintiff could have safely ascended the steps by using a handrail at the west edge of the steps. Plaintiff said she did not go to the handrail because she had to cross wavy pavement to get to it. We consider that any issue of contributory negligence based on failure to go to the handrail is likewise a jury issue.

We hold that the jury could reasonably have found that a signal from an automobile, which plaintiff could expect would mean that her daughter wanted to take her home, might have the same diverting effect as calling to the plaintiff by voice in the other cases discussed. We also hold that it would also be reasonable to find that such a diversion could cause plaintiff to make a misstep into the crack instead of stepping clear of it as she was attempting to do.

The judgment is reversed and the cause remanded.

PER CURIAM:

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.