19101

Rutha Mae BLOUNT, Respondent, v. McCRORY CONSTRUCTION COMPANY, Appellant.

(176 S. E. (2d) 407)

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Appellant,*

610

*Theodore W. Law, Jr., Esq., of Law, Kirkland, Aaron & Alley,* of Columbia, *for Respondent,*

September 4, 1970.

LITTLEJOHN, Justice:

This action for personal injuries was tried before Judge Timmerman and a jury, resulting in a verdict for the plaintiff in the amount of $15,000 actual damages. During the course of the trial defendant made motions for a nonsuit and for a directed verdict; after the jury verdict, defendant made a motion for judgment notwithstanding the verdict; all motions were refused.

The plaintiff made a motion for a new trial on the ground of inadequacy of the verdict. This motion was granted. Defendant appeals.

The complaint alleges that the defendant, a construction company, was, on the day of the injury, March 14, 1967, engaged in the remodeling of White's department store. The plaintiff was a sales clerk employed in the store. The business of the store continued during the remodeling program. It is alleged that the defendant placed and left a 2 x 4 board across the bottom of a passageway between the sales area and the office-storage area. Plaintiff was walking from the storage room to the sales floor through the passageway when she tripped and fell, resulting in personal injuries. It is alleged that the defendant was negligent and careless (after evidence was submitted the judge allowed the plaintiff to amend the complaint so as to allege recklessness and wilfulness) in the following particulars:

"(a) In carelessly and negligently constructing said passage way in an unsafe manner, and carelessly and negligently

failing to make it safe for employees of said store, who found it necessary to use the passage way.

"(b) In constructing the passage way with an obscure 2 x 4 board across the bottom of it so as to constitute a trap.

"(c) In maintaining said passage way in a dangerous and unsafe condition.

"(d) In knowing of said dangerous and unsafe condition of the passage way and failing to remedy same and keep it in a reasonable safe manner.

"(e) In failing to erect any warning signs of the dangerous and unsafe condition of the passage way."

The answer asserts for a First Defense a general denial; for a Second Defense contributory negligence, carlessness and wilfulness on the part of the plaintiff in the following particulars: "(a) In failing to keep a proper lookout in the direction in which she was walking; (b) In proceeding in an area under construction when she knew or should have known that her vision was obscured; (c) In proceeding through an area that she knew or should have known was under construction without taking proper precaution for her own safety; (d) In failing to heed and abide by instructions of her employer;" for a Third Defense, assumption of risk, and for a Fourth Defense that plaintiff has recovered or is entitled to recover under the Workmen's Compensation Act, and such is a bar to recovery against this defendant. This fourth defense was stricken from the answer by Judge Baker. Thereafter an amended answer was served, alleging that plaintiff was barred from recovery because she had entered into an agreement with White's department store and someone representing White's interest. This defense in the amended answer was stricken by Judge Timmerman.

By proper exceptions defendant raises these questions:

1. Was there evidence of actionable negligence on the part of the defendant?

2. Was any duty owed to plaintiff by defendant other than not to wilfully injure her?

3. Did the plaintiff assume the risk incident to walking through the opening?

4. Was plaintiff guilty of contributory negligence and recklessness?

5. Were defenses based on the Workmen's Compensation Act properly stricken from the answer and amended answer?

6. Was it an abuse of discretion to grant a new trial on the ground that the verdict was inadequate?

Under the view we take, plaintiff was guilty of contributory negligence as a matter of law, which bars her recovery. Accordingly, we do not reach the other issues. A review of the evidence, which is not greatly in dispute, becomes necessary for a determination.

The plaintiff, a saleslady 46 years of age, had been working at White's department store about a year and a half in the ladies ready-to-wear department.

White's is a large store located in a shopping center in Columbia. At the time involved the defendant, a construction company, was remodeling the interior and adding another story to the building. During the remodeling the existing sales areas remained open for business. The remodeling included the removal and relocation of walls in areas frequented by store employees, but not by customers.

Before the construction project commenced there existed a wall and a swinging door three feet wide between the ladies ready-to-wear area, where the plaintiff was basically engaged, and the adjoining office-storage room where she was required to go often each day to confer with people in the office, and to get things out of stock. It was a part of the construction plan to close this door and make a solid wall. The swinging door had been removed; the trim of the door had been removed, and vertical studs had been installed within the doorway reducing the opening to a width of two feet; a 2 x 4 shoe, or footing, had been placed on the floor to support the wall.

At this stage of the construction a representative of the store requested the defendant to leave the wall board off this opening for the time being so that White's employees could use this means of going back and forth to the stockroom and to the office area. The evidence shows that this condition existed from four to ten days, and plaintiff, as well as other employees, walked back and forth through the two foot opening numerous times each day, stepping over and across the 2 x 4 footing board affixed to the floor.

At about 11 o'clock in the morning of March 14, 1967 plaintiff went from the sales area through the opening to the office area to carry a customer's check to see if the name of the customer was listed among those whose checks were not good. She testified that she fell as she returned through the opening because her heel caught on the 2 x 4 board. It was her testimony, "I had the check in front of me studying the check, and I never thought of the board at that time. I was interested in my check, okaying my check." She further testified that she did not look at the floor.

It is beyond question that plaintiff was completely familiar with the opennig and the board. She admitted that she had passed through this opening numerous times every day since it had been changed. In view of the magnitude of the remodeling project she could hardly have been unaware of the changes made and of the additional dangers involved. The swinging door to which she was accustomed was gone; the opening was narrowed from three feet to two feet.

The pictures introduced in evidence clearly show that the entire area was still in the rough; the appearance of the opening was a constant reminder that construction was in progress, that additional dangers existed, and that commensurate care was required.

Assuming that the defendant was culpable we think that its conduct, to the exclusion of all other reasonable inferences, amounted to no more than simple negligence. Simultaneously, we conclude that the evidence

shows to the exclusion of all other reasonable inferences, that plaintiff's conduct was negligent and that her conduct contributed to and helped to bring about the injury. She was contributorily negligent and accordingly, is barred from recovery. She simply forgot to take ordinary care for her own safety.

Plaintiff argues in written brief that she "* * * was temporarily concerned with a check which she had compared with a list. In this moment when her attention was diverted she relaxed into her habitual attitude and entered the doorway without lifting her foot high enough so that her heel caught on the obstruction and she fell." It is further argued that there was merely a momentary inattention with regard to a situation about which she had not been warned, and whose danger she had not been brought to fully appreciate. We think it cannot be forcefully argued that a warning was of consequence nor that she did not fully appreciate the danger inasmuch as she has admitted that she passed through the opening numerous times every day for four to ten days. She knew all that was to be known about the area and its dangers.

In the case of *Conner v. Farmers and Merchants Bank,* 243 S. C. 132, 132 S. E. (2d) 385 (1963), Mr. Justice Lewis, on behalf of the court, discussed the question of forgetfulness as relates to contributory negligence. Under the facts involved this court reached the opposite conclusion. The language used in that case, however, is relevant here:

"The question of whether or not a plaintiff, charged with prior knowledge of a dangerous condition, can avoid the imputation of contributory negligence by showing that he had momentarily forgotten the danger at the time of the accident is the subject of an excellent annotation in 74 A. L. R. (2d) 950. The subject is also treated in 38 Am. Jur. 863, Section 187 and 65 C. J. S. Negligence § 120, p. 726. From the authorities, certain principles, which we consider sound, may be deduced.

"The general rule for determining whether forgetfulness by a plaintiff of a known danger constitutes contributory negligence is no different from the rule applied in other situations, that is, forgetfulness or inattention will amount to negligence if it amounts to a failure to exercise due care. The law recognizes that the person of ordinary reason and prudence sometimes forgets, is sometimes inattentive, and is not perfect or infallible. Therefore, forgetfulness or inattention may be excused when the circumstances are such that a jury could reasonably conclude that a person of ordinary prudence, so situated, might have forgotten.

"While forgetfulness of, or inattention to, a known danger may under certain circumstances be excused, it is recognized that a too liberal application of the principle can result in fraud and could completely destroy the defense of contributory negligence. Therefore, it is settled that mere forgetfulness or inattention is insufficient. It is not enough to say 'I forgot.' Neither is it enough to merely show that there was some diverting circumstance at the time. In order to keep forgetfulness of, or inattention to, a known danger from constituting contributory negligence as a matter of law, the evidence must be such as to give rise to a reasonable inference that the forgetfulness or inattention relied upon was induced by some immediate, substantial and adequate disturbing cause, to be determined in the light of the exigencies of the situation and the facts and circumstances of the particular occasion."

If mere forgetfulness should ever be permitted to excuse a plaintiff from contributory negligence, it can be argued with equal force that mere forgetfulness should excuse a defendant from negligence.

The distraction which plaintiff contends diverted her attention was the fact that she elected to be looking at the check instead of where she was going at the moment she fell. The distraction was not the result of some outside influence or circumstance. If any distraction there was, it was of the plaintiff's own creation.

Counsel for plaintiff argues that the jury may have concluded that the defendant was guilty of wilfulness, wantonness or recklessness, in which case simple contributory negligence on the part of plaintiff would not bar recovery. Counsel would place much emphasis on the testimony of defense witnesses Sessoms and Kneece, who, on cross examination in answer to questions, stated that the doorway and board created a dangerous condition. Numerous things such as steps, curbs and doorsills are dangerous in exactly the same sense that this 2 x 4 footing was dangerous. A bathtub, a rifle, walking across the street, operating an automobile or an airplane, are similarly dangerous. Repair to a roadway where traffic is diverted creates a dangerous situation. When such occurs the repairing authority can only be expected to provide adequate warnings such that others may, through concern for their own safety, avoid injury.

The evidence is not susceptible of the inference that Mc-Crory was guilty of wilfulness, wantonness or recklessness. McCrory did not construct a passageway and place an obstruction in it. It merely eliminated a door, and after the footing was placed, acquiesced in the request that the passageway be left open such that this plaintiff and others could conveniently go to and from the adjoining rooms. Such conduct, if culpable at all, could only amount to simple negligence.

There is no evidence in the record before us warranting the conclusion that McCrory was culpable in a greater degree than the plaintiff.

Let the case be remanded for entry of judgment under Rule 27.

Reversed.

Moss, C. J., and BRAILSFORD, JJ., concur.

LEWIS and BUSSEY, JJ., dissent.

BUSSEY, Justice (dissenting) :

I most respectfully dissent. Assuming that the plaintiff was guilty of simple negligence, we are not warranted in

holding, as a matter of law, that the conduct of the defendant amounted to nothing more than simple negligence and that the plaintiff is, accordingly barred. To the contrary, the record, in my opinion, contains abundant evidence from which willful conduct, the conscious failure to exercise ordinary care, on the part of the defendant may be reasonably inferred.

In connection with closing the particular doroway, where the injury occurred, the construction plans called for the defendant to cut in or construct a new doorway a few feet away, which would provide access to and from the same areas served by the old doorway. The new doorway had not yet been constructed when the defendant started to close the old doorway. Just why the new doorway had not yet been opened is not clearly reflected by the record, but the closing of the old doorway had to be halted so that the passageway could be maintained until the new doorway was constructed.

The defendant knew when the closing of the old doorway was halted that such would continue to be used by the employees of White's as a passageway for quite some time and until the new doorway was constructed. During this interim, the 2 x 4 footing immediately in and across the passageway was unnecessary and served no useful purpose. It was, in fact, removed after plaintiff's injury. Not only was an unusual hazard unnecessarily left in the passageway, but no steps were taken by the defendant to minimize the hazard by the use of small wooden ramps or any other device, to provide a gradual rise in elevation and reduce the likelihood of one being thrown as a result of catching a heel against the side of the footing.

Both the foreman and the superintendent of the defendant, in effect, admitted that they knew at the time of leaving such obstruction in the passageway that it constituted an unnecessary and dangerous hazard to the employees of White's. Despite such, they failed to do anything whatever to remove or minimize the hazard. The foregoing facts and circum-

stances fully warrant a finding that there was a conscious failure on the part of the defendant to exercise ordinary care for the safety of those using the passageway.

LEWIS, J., concurs.