LOTTINGER, Judge.
This is a suit ex delicto for the recovery for injuries received by the plaintiff when she fell while working as a maid, baby sitter and housekeeper for the defendant, Mrs. Rosemary Delouise. The Lower Court ruled in favor of both defendants, from which judgment the plaintiff has appealed.
The record points out that this accident happened on September 22, 1965. At this time the plaintiff-appellant had been working for Mrs. Delouise for approximately five years as a baby sitter and housekeeper while Mrs. Delouise worked. Mrs. Del-ouise had three children who were all living at home with her. At the time of the accident, approximately 9:30 a. m., the youngest of the three children, being between two and three years old, was the only one at home, the other two being in school. The plaintiff-appellant left the house through the back door and went out into the back yard to hang the washing on the line. Between the clothes line and the back door of the house, a metal ladder, which belonged to the defendant, Lundin & Associates, Inc., was lying on the ground. Lundin & Associates, Inc. had been doing repair work on the roof of Mrs. Delouise’s house, and though they had completed their work a few days prior to the time of the accident, had not removed the ladder from the premises.
The plaintiff testified that she was hanging out the wash with her back to the door and the ladder. It was necessary for the plaintiff to walk past the ladder and notice it on her way to the clothes line. She heard the screen door slam on the back door of the house and turned and saw the youngest child running toward her. The ladder was directly in his path. She realized that he was going to fall on the ladder, and she therefore hurried in his direction to stop him from falling, and in doing so, she in turn fell on the ladder and injured herself. As a result of her fall, the plaintiff suffered an incisional hernia as well as an acute lumbosacral strain.
The Trial Court found that the plaintiff was contributorily negligent in that she knew of the existence of the ladder on the ground, and therefore she was negligent in not taking more care in the manner in which she attempted to stop this youngster. The plaintiff contends that under the doctrine of “sudden emergency” any negligence on her part does not bar her from recovery.
We are of the opinion that the facts as presented in the case at bar come within the doctrine known as “Momentary forgetfulness”. In 65A C.J.S. Negligence § 120 (2), forgetfulness or inattention to danger is discussed as follows:
“Momentary forgetfulness of, or inattention to, a known danger may, and usually does, amount to negligence, but forgetfulness of, or inattention to, such danger will not always constitute negligence. When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inatténtive to a known danger. To forget or to be inattentive is not negligence unless it amounts to a failure to exercise ordinary care for one’s safety. Regard must be had to the exigencies of the situation, and the circumstances of the particular occasion.
“Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as where the situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly which are calculated to divert one’s attention momentarily from the danger. A lapse of memory, to excuse forgetfulness of a known danger, need not, as a general rule, be induced by a sudden disturbing cause in the sense of some startling event momentarily driving memory from the mind and causing forgetfulness.
*123 “Generally, a lesser degree of prudence may be sufficient to constitute ordinary care where plaintiff’s attention is distracted by a natural and usual cause, particularly where the distraction is placed there by defendant or where defendant in the exercise of ordinary care should have anticipated that the distraction would occur. While diverting circumstances in general or standing alone are not sufficient to negative contributory negligence, the nature of the diverting circumstances must be considered with respect to the entire circumstances of each particular case.
“In order to excuse forgetfulness of, or inattention to, a known danger, some fact, condition, or circumstance must exist which would divert the mind or attention of an ordinarily prudent person; mere lapse of memory is not sufficient, and, if, under the same or similar circumstances, an ordinarily prudent person would not have forgotten or have been inattentive to the danger, such conduct constitutes negligence.”
Also in speaking of “forgetting known danger” we find at 38 Am.Jur., Negligence, Section 187, the following:
“As a general rule, the plaintiff’s failure to avoid a known peril is in no wise excused by the fact that he ‘did not think,’ or' ‘forgot.’ The conclusion has been reached by the authorities that momentary forgetfulness of a danger, which forgetfulness is not induced by some sudden and adequate disturbing cause, is itself, as matter of law, contributory negligence barring a recovery. In other words, forgetfulness of a known danger constitutes contributory negligence in itself, where it is not consistent with the exercise of ordinary care. Mental abstraction, not due to any surrounding circumstance, does not palliate inattention to a known danger. A lapse of memory in the presence of known danger relieves a plaintiff from contributory negligence only where there is a reasonable cause therefor, one apart from mere inattention. However, momentary forgetfulness may absolve one from the charge of contributory negligence where the danger is latent so as not, of itself, to be a reminder of its existence to one coming within its presence; at least, mere forgetfulness of a latent peril which one may be acquainted does not necessarily, as a matter of law, constitute contributory negligence. Exceptions to the general rule, that the plaintiffs failure to avoid a known peril is not excused by the fact that he forgot the peril, exist where his attention was diverted from the danger by a disturbing situation, as where he was confronted by an emergency or acted to save life.” (Emphasis added.)
We therefore find that under the doctrine of “momentary forgetfulness” as above set out, and under the facts and circumstances of this case, any carelessness on the part of the plaintiff is excusable. The ladder in question belonged to the defendant, Lundin & Associates, Inc., and was their prime responsibility. It had been left on the job site by Lundin & Associates, Inc. We find that Lundin & Associates, Inc. was negligent in leaving this ladder on the job site, unattended, for two or three days after the work had been completed, where it was foreseeable that someone could be injured by the ladder. We agree with the Trial Judge in finding that there was no negligence on the part of Mrs. Delouise. She testified that this repair job to the roof of her house was taking place shortly after Hurricane Betsy, and she was employed by an insurance broker, and because of the unusually large number of claims coming into their office, it was necessary for her to work long hours. While working these long extra hours, Mrs. Del-ouise did not have time to even gc into her back yard to notice that the ladder was there, and under this set of facts, we cannot find any negligence on her part.
*124 As mentioned before, the plaintiff suffered an incisional hernia as a result of this fall, which hernia was corrected by surgery. She further sustained an acute lumbosacral strain, which incapacitated her as far as doing her regular duties for Mrs. Delouise. The plaintiff was still complaining of pain to her back at the time of the trial of this matter on June 6, 1969, but the attending physician did admit in his deposition that one problem to her complete recovery from the back pain was her obesity. On November 5, 1965, the plaintiff was in an automobile accident which did cause her low back pain and pain in the back of her neck. Considering the fact that the plaintiff was definitely injured in her fall over the ladder, that it was necessary that she undergo surgery, and that any injury to her back in her initial fall could have been aggravated by the automobile accident, we feel that an award for pain and suffering in the amount of $2,500.00 is justified.. It was stipulated in the Trial Court that specials paid to the Baton Rouge General Hospital and the doctors was in the amount of $432.31.
Therefore, for the above and foregoing reasons, it is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Celeste Hill, and against the defendant, Lundin & Associates, Inc., for the sum of Two Thousand Nine Hundred Thirty-two and 31/100 ($2,932.31) Dollars, together with legal interest thereon from date of judicial demand until paid, and for all cost.
Judgment reversed and rendered.