De Gregoris, Appellant, *v.* Stockwell Rubber Company, Inc., et al.

Argued March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Benjamin Kuby,* with him *Alan M. Tepper,* and *Klovsky, Kuby & Harris,* for appellant.

*Norbert F. Bergholtz,* with him *F. Hastings Griffin, Jr.,* and *Dechert, Price & Rhoads,* for appellees.

OPINION BY CERCONE, J., June 24, 1975:

Appellant, Armand De Gregoris, brought an action in trespass against the defendant-appellee, Stockwell Rubber Company, Inc. (Stockwell), for personal injuries sustained by appellant as a result of a fall on Stockwell's parking lot in Philadelphia. This matter was tried before a jury from September 13 to September 17, 1973. Following approximately eight hours of deliberation, the jury reported that they were unable to reach a verdict, and were therefore dismissed. Defendant Stockwell then

moved for judgment on the whole record pursuant to the Act of April 20, 1911, P.L. 70, as amended June 3, 1971, P.L. 118, No. 6, §1, 12 P.S. §684. From the lower court's order granting Stockwell's motion, the instant appeal followed.

It is well established that: "Judgment can be entered for the defendant on the whole record only if the evidence, viewed in the light most advantageous to the plaintiff, resolving all conflicts therein in his favor, and giving him the benefit of every fact and inference pertaining to the issues involved which may be reasonably deduced therefrom, would not justify a verdict and judgment in his favor." *Johnson v. Dew,* 204 Pa. Superior Ct. 526, 528 (1964) ; *Kuminkoski v. Daum,* 429 Pa. 494 (1968).

The record reviewed in light of the foregoing principles reveals the following facts :

Stockwell operates a business located between Day and Shackamaxon Streets in Philadelphia. Immediately adjacent to the business is a customer parking lot owned by Stockwell. Since at least 1965, the Day Street side of the parking lot has been separated from the sidewalk by a series of iron pipes embedded in the ground. A steel cable ⅜ths of an inch in diameter was strung between these pipes at an approximate height of 19 inches from the ground.

On May 1, 1968, at approximately 11:30 A.M. on a bright, sunny day, plaintiff, Mr. De Gregoris, having parked his car in Stockwell's parking lot and upon returning to his car after making a purchase fell over the cable. Plaintiff conceded that when he parked his car he observed the line of pipes, but did not see the cable despite the fact that his car was parked one car width away from the pipes and the parking space next to the pipes was vacant. Plaintiff testified that as he walked along Day Street, on the way back to his car and immediately prior to turning into the parking lot, he looked straight ahead and that the cable was not in his vision.

Plaintiff further testified that there was no physical condition or obstruction which prevented him from seeing the cable, rather, plaintiff stated, "It just wasn't visible." Indeed, there was testimony indicating that the dark colored cable may have blended in with the black macadam surface of the parking lot. There was also testimony which suggested that the cable may have been obscured by shadows.

The singular issue presented by this appeal is whether the court below committed error in concluding that the appellant was contributorily negligent as a matter of law. It is fundamental that "contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusion as to its existence." *Dougherty v. Philadelphia Nat'l Bank*, 408 Pa. 342, 344 (1962) ; Accord: *Kresovich v. Fitzsimmons*, 439 Pa. 10 (1970) ; *Niemiec v. Allegheny Co. Port Auth.*, 223 Pa. Superior Ct. 435 (1973).

Stockwell argues that appellant's conduct falls within the well recognized principle that: " 'One who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law,' Miller v. Exeter Borough, 366 Pa. 336, 77 A.2d 395 (1951). It follows that one who sees such a defect and continues on is likewise contributorily negligent." *Knapp v. Bradford City*, 432 Pa. 172, 174 (1968). Accord: *Kresovich v. Fitzsimmons*, supra; *Cerino v. Philadelphia*, 435 Pa. 355 (1969). Appellant acknowledges the validity of the "above principle, but contends that it is inapplicable because the suspended cable, although a dangerous condition, was not plainly visible. Appellant thus argues that the question of the visibility of the cable should have been determined by the jury and not the

trial judge.[1] Accordingly, the question we must resolve is whether the evidence is so clear and palpable that there is no room for fair and sensible men to differ in their conclusion as to the discernibility of the suspended cable.

Although a steel cable, ⅜ths of an inch in diameter, strung between pipes and suspended approximately 19 inches above the pavement, might ordinarily appear to constitute an obvious danger, appellant's testimony indicates that the danger may have been effectively obscured. On direct examination, the plaintiff-appellant testified in pertinent part as follows:

"Q.    (interposing) Now, excuse me, Mr. De Gregoris. As you came walking down the sidewalk on Day Street, the building would be to the—the Stockwell Building would be to your left? Is that right?

A.    To my left, correct.

Q.    All right. Now, how close to the building were you walking?

A.    About a foot, a foot and a half.

Q.    Now, as you walked up Day Street with the building on your left a foot and a half from you, were you looking straight ahead?

A.    I was looking straight ahead.

Q.    What did you see as you were walking along the building?

A.    As I was walking along the building, I saw these pipes, and I saw the parking lot.

Q.    Did you see anything between the pipes?

A.    No, I did not see anything in between the pipes.

Q.    O.K. Now, would you go on, sir?

A.    Well, as I spotted my car as I got towards the pipes, I proceeded to go through the opening between two pipes.

Q.    Which pipes would those be, to the best of your recollection?

---

1.    Appellant concedes, as he must, that if the jury determined that the cable was plainly visible, then he would be guilty of contributory negligence as a matter of law.

A. It would be around either the second or third, around there, approximately.

Q. Between the second and third pipes?

A. Yes.

Q. Would you tell us just what happened as you proceeded forward?

A. As I proceeded towards my car, I felt something hit my knee, and I went over into the parking lot, and I struck my elbow on the ground.

Q. All right. Were you knocked unconscious?

A. No, but I was in severe pain while I was on the ground.

Q. Did you look to see what had hit your foot?

A. Yes. I turned around at a glance, and I saw a wire between the two poles that I had gone through.

Q. Was the wire visible to you and you came up the street?

A. No, I cannot see the wire. The only time I saw it was when I was on the ground when I looked around.

Q. Did you see what the color of the wire was when you were on the ground?

A. It looked black to me.

Q. What was the color of the macadam on the parking lot surface?

A. The parking lot was black."

Both parties have cited several cases in support of their respective positions in which the obviousness of an obstruction or defect was in issue. Little can be gained from such comparisons, however, because of the numerous and different factors contributing to each of those decisions. In the instant case, whether the danger of the suspended cable was an obvious one is a conclusion that must be made by weighing several factors, including whether the cable because of its size, location, and color was in effect camouflaged against the dark background of the macadam parking lot. Where different but reasonable conclusions can be drawn from the evidence, and one

conclusion would not preclude the plaintiff's recovery, the issue must be submitted to the jury. We conclude that the evidence, viewed in the light most favorable to the plaintiff, and giving him the benefit of all reasonable inferences, leaves room for reasonable disagreement as to whether the suspended cable, taking into consideration its size, location, color, and the background of the parking lot, was visible to one exercising ordinary caution. Therefore, it was for a jury to determine whether the plaintiff was contributorily negligent in failing to observe the cable.

Stockwell contends, however, that the plaintiff's own evidence establishes that the cable was clearly visible and that the plaintiff's failure to observe it could only have resulted from his own negligence. This contention is grounded upon the fact that the plaintiff introduced into evidence several photographs for the purpose of showing the physical aspects of the accident location. As Stockwell notes, the cable is clearly visible in the photographs. However, the fact that the cable is visible on the photographs is not conclusive of the crucial question of whether the cable was plainly visible at the time of the plaintiff's mishap. The Supreme Court has recognized that "photographs cannot be said always to be an undeviatingly accurate reproduction of the scenes they presumably depict." *Teagle v. City of Philadelphia,* 430 Pa. 395, 397 (1968). Furthermore, the photographer admitted that the photographs taken at 3:00 P.M. would not accurately depict the same scene at 11:30 A.M. (time of the accident) considering the possible change in lighting condition at different times of the day.

In conclusion then, we cannot say as a matter of law that fair and sensible men could not differ as to whether plaintiff-appellant was negligent in failing to observe the cable. It is for a jury to determine whether the cable was a plainly visible danger.

Accordingly, the judgment of the lower court is reversed and a new trial ordered.