378 A.2d 417

**Edward NORTON, Jr., a minor, by his parent and natural guardian, Gloria Norton, and Gloria Norton, Individually, Appellants,**

**v.**

**The CITY OF EASTON, Ralph R. Richetta and Franklin Benson.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 6, 1977.

5.  Our decision in no way affects the power of the Parole Board in the instant case.

Martin D. Cohen, and Gus Milides, Easton, for appellants.

Stephen J. Kreglow, Easton, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously denied his motion to remove a compulsory nonsuit because the determination of whether appellee's conduct negligently caused appellant's[1] injuries was a jury question. Because we find that the lower court properly granted a compulsory nonsuit, we affirm the lower court's order.

On May 8, 1973, appellant filed a complaint in trespass which alleged that appellee's failure to exercise proper care of his property caused appellant's injuries. At trial on October 28, 1973, appellant presented the following testimony. On August 28, 1971, the seven year old appellant and two young friends went to appellee's garage to obtain a map. Appellee operated a gas station and repair and towing service located in a residential section of Easton, Northampton County, about two blocks from appellant's home. Pursuant to an agreement with the City of Easton,[2] appellee towed abandoned cars and cars involved in accidents. He stored them, together with the cars he was to repair, in an unenclosed lot behind the garage. Neither appellant nor his friends had ever played in the rear lot.

Appellant and his friends went into appellee's lot, without permission, to look for "something good" in the cars. During their search, the boys discovered an unlocked 1956 Pontiac. Because of damage on the left side of the car, it could not be locked. While exploring inside the car, one of appel-

1. We note that there are two appellants in this case, a minor, Edward Norton, Jr., and his parent. For convenience, all references to "appellant" will indicate the minor appellant.

2. At a pre-trial conference, both the City of Easton and Franklin Benson, the car owner, were removed as defendants to the suit.

lant's friends opened the glove compartment and found a box of .22 caliber bullets. Each boy took a number of bullets.

After leaving appellee's property, the boys tossed the bullets against walls as they proceeded to a nearby tunnel. Once inside the tunnel, appellant placed the bullets in a matchbox. When appellant blew on the flame, the bullets exploded and blinded appellant's left eye.

Appellee, called as of cross-examination, testified as follows. Nine days prior to the events in question, appellee towed the wrecked 1956 Pontiac to his lot for storage. Franklin Benson, the car owner, had placed the bullets in the glove compartment before the accident. When appellee towed the car from the accident site, neither the police officer nor appellee's employees searched the vehicle. Appellee testified that it was not his policy to search the cars he towed because he believed that he lacked the authority to search the personal property of others. However, he stated that he removed and stored in the garage articles left in plain view inside unsecured towed cars. No fence surrounded the lot, nor were there warning signs on the property. While appellee and his employees knew that children occasionally played on the property, they had never previously found or observed children in the cars.

At the close of appellant's evidence, the lower court entered a compulsory nonsuit and dismissed the case. In its opinion, the Court of Common Pleas, en banc, affirmed per curiam. This appeal followed.

Appellant contends that the lower court erred in entering a compulsory nonsuit at the close of his case. In evaluating the entry of a compulsory nonsuit, our Court must accept as true the facts presented by appellant, read the evidence in the light most favorable to the appellant and give the appellant the benefit of all reasonable inferences and deductions arising from such evidence. *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 372 A.2d 736 (1977). When the trial court is presented with a choice between two reasona-

ble inferences, the case must be submitted to the jury. *Paul v. Hess Bros., Inc.*, 226 Pa.Super. 92, 312 A.2d 65 (1973). However, when appellant does not present legally sufficient evidence to support his case, it is proper to grant a nonsuit. Therefore, we must determine whether appellant presented evidence, read in the most favorable light, which would permit a jury to impose liability on the appellee.

Appellant alleges that appellee maintained on his land an artificial condition highly dangerous to trespassing minors under the standards articulated by the Restatement (Second) of Torts § 339 (1965). Section 339 provides as follows:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by the artificial condition upon the land if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

Pennsylvania courts have adopted the Restatement's formulation of the duty of care owed by a possessor of land to a trespassing minor. Accordingly, a plaintiff must prove all five elements of the theory in order to recover. *Jesko v. Turk*, 421 Pa. 434, 219 A.2d 591 (1966); *Dugan v. Pennsylvania R. R. Co.*, 387 Pa. 25, 127 A.2d 343 (1956); *Rush v. Plains*

*Twp.*, 371 Pa. 117, 89 A.2d 200 (1952); *Verrichia v. Society Di M. S. Del Lazio*, 366 Pa. 629, 79 A.2d 237 (1950).

■ In order for a possessor of land to be liable to a trespassing child for injuries resulting from a condition on the land, he must know or have reason to know of the condition. However, the Restatement (Second) of Torts § 339, Comment h (1965) provides that "the possessor is under no duty to inspect or police his land to discover whether such conditions exist; and he becomes subject to liability only when he knows or has reason to know that they exist." The cases and commentary are in accord with the Restatement. *See, Rush v. Plains Twp.*, supra; *Whigham v. Pyle*, 224 Pa.Super. 6, 302 A.2d 498 (1973); W. Prosser, The Law of Torts, p. 369 (4th ed., 1970).[3]

In *Rush v. Plains Twp.*, supra, a child trespasser was injured while playing on a portion of a garbage dump maintained by the township. The Supreme Court concluded that although the township should have known that children were likely to trespass upon the dump, the township had no duty to discover that the site of the accident involved an unreasonable risk of harm to children. Because the injury occurred in an area of the dump containing a hidden danger of which the landowner had neither actual nor constructive knowledge, the landowner was not liable for the child's injuries.

■ Similarly, in the instant case, while appellee and his employees knew that children occasionally played on the lot, thus satisfying the first requirement of a cause of action under § 339, appellant produced no evidence that he had any actual or constructive notice of the possibly dangerous articles inside the glove compartment. Because appellee had no such notice, he had no duty to inspect the glove compartment. By removing visible objects in unsecured cars, appellee fulfilled his duty.

**3.** ". . . No case has ever held that, in the absence of any notice that something may be wrong, [the land occupier] is required to inspect his land, or otherwise investigate, to discover whether there is any condition on it which might harm trespassing children." W. Prosser, The Law of Torts, p. 369 (4th ed., 1970).

Further, while appellee eventually junked and sold for salvage some of the cars that he towed, sometimes owners would reclaim towed vehicles. In addition, appellee stored the towed cars along with cars that he was to repair. Thus, finding appellee liable to appellant would expand appellee's duty under § 339 to include searching the glove compartments of cars which were the personal property of others. There is no duty to inspect or investigate to discover the existence of harmful conditions. Accordingly, appellee had no duty to search the glove compartment of the car.

Appellant failed to prove that appellee had actual or constructive knowledge of a dangerous condition on his property. Thus, he has not stated a cause of action under § 339 and a jury could not conclude that appellee is liable for appellant's injuries. Accordingly, we affirm the order of the lower court granting a compulsory nonsuit.

Order affirmed.

SPAETH, J., concurs in the result.