406 A.2d 1138

Irving WEITZ and Selma Weitz, his wife, Appellants,

v.

Raymond BAURKOT, R. B. Drake Building Realty Corp., J. M. Nicholas Corporation and John Nicholas, Defendants,

and

A & D Tile & Paint-Up, Inc., G–C Electric Co., Inc., Bell Telephone Company of Pennsylvania and Commonwealth of Pennsylvania, Department of Public Welfare, Additional Defendants.

Superior Court of Pennsylvania.

Argued Dec. 6, 1978.

Decided June 29, 1979.

472

Dwight L. Danser, Easton, for appellants.

Robertson B. Taylor, Bethlehem, for appellees Raymond Baurkot and R. B. Drake Building Realty Corp.

John D. DiGiacomo, Easton, on brief for appellees J. M. Nicholas Corp. and John Nicholas.

Mark H. Scoblionko, Allentown, for appellee A & D Tile & Paint-Up, Inc.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Appellants contend that the trial court erred in granting a compulsory nonsuit on the grounds that Selma Weitz had been contributorily negligent as a matter of law. We agree and reverse.

In June, 1974, Mrs. Weitz was employed by the Northampton County Board of Assistance in office space leased from R. B. Drake Building Realty Corporation at 201 Riverside Drive, Easton. The floor of the office contained a number of holes, one of which was approximately three feet from Mrs. Weitz's desk. The Board's employees had complained frequently about the condition of the floor during the two months of their occupancy. Mrs. Weitz had also registered complaints with her immediate supervisor, with the personnel officer, and with an official of the union which represented the employees. Complaints by employees had been communicated also to Raymond Baurkot, an officer of the corporate owner, but repairs had not been made.

On June 24, 1974,[1] Mrs. Weitz rose from her desk chair and walked around her desk to retrieve some papers. As she was leaning over the desk her attention was attracted to the movement of two chairs which appeared to be sliding toward her. She testified that she was startled by the movement of the chairs, forgot about the hole, and stepped backwards. Her heel caught in the hole, and she fell, with resulting injuries.

Mrs. Weitz and her husband brought suit against Baurkot and the corporate owner of the demised premises. They also named as defendants the construction contractor, J. M. Nicholas Corporation, and its president, John Nicholas. The defendants subsequently joined as an additional defendant the tile subcontractor, A & D Tile and Paint-Up, Inc.[2] At trial, the learned trial judge entered a compulsory nonsuit upon completion of the plaintiff's evidence because, he concluded, the wife-plaintiff had been guilty of contributory negligence by stepping into a known defect. The court en banc refused to remove the nonsuit, and this appeal followed.

On appeal from the entry of a compulsory nonsuit, an appellate court must "accept as true the facts presented by appellant, read the evidence in the light most favorable to the appellant and give the appellant the benefit of all reasonable inferences and deductions arising from such evidence." *Norton v. City of Easton,* 249 Pa.Super. 520, 523, 378 A.2d 417, 419 (1977). A compulsory nonsuit is proper "only in a clear case where the facts and circumstances lead unerringly to but one conclusion." *Paul v. Hess Brothers, Inc.,* 226 Pa.Super. 92, 94, 312 A.2d 65, 66 (1973). Where the trial court has found contributory negligence as a matter of law, that negligence must be "so clearly revealed that there

1. Ironically, the wife-plaintiff had made a complaint about the floor defect at her desk earlier on that very morning.

2. Other additional defendants joined were G–C Electric Co., Inc., Bell Telephone Company of Pennsylvania, and the Commonwealth of Pennsylvania, Department of Public Welfare. These parties were dismissed as additional defendants prior to the commencement of trial.

is no room for reasonable disagreement as to its existence." *Lavely v. Wolota,* 253 Pa.Super. 196, 202, 384 A.2d 1298, 1302 (1978). If there is room for fair and reasonable minds to differ in their conclusion regarding the plaintiff's conduct, the issue must be submitted to the jury. *DeGregoris v. Stockwell Rubber Co., Inc.,* 235 Pa.Super. 71, 340 A.2d 570 (1975).

Appellees rely upon *Kresovich v. Fitzsimmons,* 439 Pa. 10, 264 A.2d 585 (1970) and *Knapp v. Bradford City,* 432 Pa. 172, 247 A.2d 575 (1968), where plaintiffs, having observed a plainly visible defect in a sidewalk, nevertheless walked into it. Both plaintiffs were held to have been contributorily negligent as a matter of law.

The facts in the instant case disclose that Mrs. Weitz, although previously aware of the hole near her desk, stepped into it during a moment of temporary forgetfulness or inattention caused by a startling and distracting event in another part of the room. Such forgetfulness or inattention will constitute negligence only if it constitutes a failure to exercise due care. "There are so many factors that can contribute to whether the person who has momentarily forgotten was in fact acting as a reasonably prudent person that it is difficult to lay down any general rule. Forgetting the known danger will not in all instances make a person negligent. . . . The better and more prevalent rule appears to be that there must be a lapse of time since notice of the danger which would justify forgetfulness or some substantial diverting circumstance in order to prevent a person who has forgotten from being negligent as a matter of law." *Mickel v. Haines Enterprises, Inc.,* 240 Or. 369, 376, 400 P.2d 518, 521 (1965).

Although the appellate courts of this Commonwealth have not been called upon to apply this principle, decisions in other jurisdictions illustrate the application of such a rule. Thus, in *Conner v. Farmers and Merchants Bank,* 243 S.C. 132, 132 S.E.2d 385 (1963), where plaintiff had been aware of the defective condition of the floor of her apartment, she nevertheless stepped in a hole when her attention was

distracted by a pet parakeet about to fly out of a partially opened door. Concerning plaintiff's contributory negligence the Court said: "The general rule for determining whether forgetfulness by a plaintiff of a known danger constitutes contributory negligence is no different from the rule applied in other situations, that is, forgetfulness or inattention will amount to negligence if it amounts to a failure to exercise due care. The law recognizes that the person of ordinary reason and prudence sometimes forgets, is sometimes inattentive, and is not perfect or infallible. Therefore, forgetfulness or inattention may be excused when the circumstances are such that a jury could reasonably conclude that a person of ordinary prudence, so situated, might have forgotten." 243 S.C. at 142, 132 S.E.2d at 390.

Similarly, in *Calerich v. Cudahy Packing Co.,* 170 Colo. 222, 460 P.2d 801 (1969), the Colorado Supreme Court adhered to the rule "that, in spite of knowledge of a danger, justifiable distraction or forgetfulness may excuse a party injured thereby [citations omitted]." 460 P.2d at 802. In *Douglass v. 95 Pearl St. Corp.,* 157 Conn. 73, 245 A.2d 129 (1968), the plaintiff found herself in a closed, darkened room. In her haste to find the light switch, she momentarily forgot about a known stairwell located underneath the switch. The Connecticut Court held that whether such momentary forgetfulness was contributory negligence was a jury issue. In still another case, a babysitter rushing toward her charge to prevent the child from colliding with a ladder directly in his path fell over that same ladder. It was held that, although aware of the ladder, a jury could find that her attention had been distracted by the child's actions, thus excusing her momentary forgetfulness. *Hill v. Lundin & Associates, Inc.,* 243 So.2d 121 (La.App.1970), rev'd on other grounds, 260 La. 542, 256 So.2d 620 (1972). See also: *Pensacola Restaurant Supply Co. v. Davison,* 266 So.2d 682 (Fla. App.1972); *Stuckey's Carriage Inn v. Phillips,* 122 Ga.App. 681, 178 S.E.2d 543 (1970); *Pigg v. Bloom,* 22 Mich.App. 325, 177 N.W.2d 441 (1970); *Wand v. Shelbina,* 420 S.W.2d 348 (Mo.1967); *Raflo v. Losantiville Country Club,* 34 Ohio St.2d 1, 295 N.E.2d 202 (1973).

This rule is recommended by the fact that it does not allow the negligent owner to increase his insulation from liability according to the length of time the condition has been permitted to exist or the size of the defect. Otherwise, the greater the defect and the longer it has been allowed to exist, the less likelihood there will be for liability because the greater will be the number of people who will become aware of the defect. If a general awareness will in all events bar a recovery, the inducement for the owner to correct the defect is reduced correspondingly with the lesser potential for liability.

This rule is also consistent with those Pennsylvania decisions which have held that a failure to observe an obvious defect may be excused by outside distractions preventing one from seeing the defect or excusing the failure to observe it. See: *Pro v. Pennsylvania Railroad Co.,* 390 Pa. 437, 135 A.2d 920 (1957), where a woman stepped into an obvious defect while her attention was distracted by the sounding of a horn on an approaching automobile. See also: *Sculley v. City of Philadelphia,* 381 Pa. 1, 112 A.2d 321 (1955); *Sandherr v. City of Pottsville,* 201 Pa.Super. 547, 193 A.2d 625 (1963); *Baratta v. Middle East Restaurant,* 60 D. & C.2d 596 (1972).

■ This is not a case in which plaintiff saw the hole and nevertheless stepped into it. Although she had a general awareness of the poor condition of the office floor, she did not first see the hole and then fail to heed it. Instead, it was the movement of chairs which distracted her and caused her to forget that there was a hole in the floor behind her. Under these circumstances, the wife-plaintiff's negligence was for the jury. It may be, of course, that the learned trial judge will ultimately be proven correct. A jury may reject the plaintiff's testimony about moving chairs or may find, in any event, that a reasonable woman would not have stepped backward into an open hole of which she had been aware. The evidence produced by the plaintiffs, however, required

the issue of contributory negligence to be submitted to a jury.

Reversed and remanded for a new trial.

LIPEZ, J., files a dissenting opinion.

LIPEZ, Judge, dissenting:

I do not believe that the evidence of distraction in this case is sufficient to place into the hands of the jury the issue of whether Mrs. Weitz's momentary forgetfulness was reasonable under the circumstances.

> While forgetfulness of, or inattention to, a known danger may under certain circumstances be excused, it is recognized that a too liberal application of the principle can result in fraud and could completely destroy the defense of contributory negligence. Therefore, it is settled that mere forgetfulness or inattention is insufficient. It is not enough to say, "I forgot." Neither is it enough to merely show that there was some diverting circumstance at the time. In order to keep forgetfulness of, or inattention to, a known danger from constituting contributory negligence *as a matter of law,* the evidence must be such as to give rise to a reasonable inference that the forgetfulness or inattention relied upon was induced by some immediate, substantial and adequate disturbing cause, to be determined in the light of the exigencies of the situation and the facts and circumstances of the particular occasion.

(Emphasis added.) *Connor v. Farmers and Merchants Bank,* 243 S.C. 132, 132 S.E.2d 385 (1963), quoted in *Blount v. Melroy Construction Co.,* 254 S.C. 608, 176 S.E.2d 407, 408 (1970).

Mrs. Weitz testified that the sudden motion of two chairs towards her caused her momentarily to forget about the hazards in the office floor and to step back. She said that she saw no one touch the chairs, and no evidence was offered to show how the chairs were set in motion. We may take judicial notice of the fact that chairs do not move of their own volition. Unless there is evidence of the cause for

478

the movement, there is no reasonable basis from which it may be determined that the chairs in fact moved, and that it was not merely a figment of the imagination. This extremely limited, unexplained evidence of distraction is not, in my estimation, sufficient to take the question of Mrs. Weitz's contributory negligence to the jury. *See also* 57 Am.Jur.2d Negligence § 329; Annot., 74 A.L.R.2d 950.

I would affirm the order of the court below.