Rita SMITH, Plaintiff-Respondent,

v.

CITY OF ST. LOUIS,
Defendant-Appellant.

No. 47562.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1984.

---

Robert H. Dierker, Jr., Associate City Counselor, St. Louis, for defendant-appellant.

Kenneth Karl Vuylsteke, St. Louis, for plaintiff-respondent.

KAROHL Presiding Judge.

Defendant City of St. Louis appeals from a judgment entered on a $75,000 jury verdict for plaintiff pedestrian Rita Smith. Smith was injured when she stepped backward and to her left into a hole in the sidewalk cut out around a fire hydrant on the north side of Minerva in the City of St. Louis. On appeal defendant contends only that plaintiff was contributorily negligent as a matter of law. We affirm.

At the time of the casualty plaintiff lived one house east of the location of the fire hydrant and on the same side of the street. She was familiar with the area in question. The space surrounding the fire hydrant was located in part in an area that would otherwise have been part of the sidewalk, and the remainder was between the sidewalk and the north curb of Minerva. Plaintiff and two others were walking westwardly on the north sidewalk of Minerva with plaintiff on the street-side. After they passed the fire hydrant they were approached by a woman walking eastwardly. Plaintiff's two companions stepped aside to their right and plaintiff stepped back and to her left and fell into the hole in the sidewalk cut out around the fire hydrant. She sustained bone crushing injuries to her left leg, particularly in her knee joint. The extent of the injury and amount of the award are not at issue on appeal.

Defendant acknowledges its non-delegable duty to maintain its sidewalks in a reasonably safe condition or to warn of dangers and defects, *Miller v. Kansas City*, 467 S.W.2d 926, 928 (Mo.1971), and, by appealing on only the issue of plaintiff's contributory negligence as a matter of law, concedes that it breached that duty. Defendant asserts, however, that plaintiff was contributorily negligent as a matter of law for failure to observe and avoid an open and obvious dangerous condition of which she had prior knowledge. The City therefore claims error for failure of the trial court to order a directed verdict for defendant at the close of all the evidence.

Ordinarily contributory negligence is for the jury to decide. *See Davenport v. Wabash Railroad*, 435 S.W.2d 641, 646 (Mo. banc 1968). To hold that plaintiff was contributorily negligent as a matter of law, it must appear that reasonable minds, viewing the evidence most favorably to plaintiff, could not disagree as to plaintiff's negligence. *Guthrie v. Reliance Construction Co.*, 612 S.W.2d 366, 370 (Mo. App.1980).

Defendant offered no evidence. We have only plaintiff's testimony that at the time she was not actually aware of the condition of danger behind her and to her left. She was walking down the sidewalk to the right of the defective area and had no reason to see and avoid it. While she was walking and talking to her companions she noticed a pedestrian approaching. She acknowledged that she had noticed the dangerous condition in the past.

■ These are proper circumstances for invoking the distraction rule. Under this rule if the plaintiff's attention is diverted from the known danger by a sufficient cause it is for the jury to decide the question of contributory negligence. *Wand v. City of Shelbina*, 420 S.W.2d 348, 350 (Mo. 1967). The pedestrian who was coming toward her was sufficient cause to distract plaintiff from a danger which was behind her rather than in her immediate view. The distraction rule also serves to dispose of the contention that plaintiff's failure to look to her left rear was negligence as a matter of law.

■ There was evidence from which the jury could reasonably have found plaintiff was not aware of her proximity to the sidewalk danger, was distracted by the approaching pedestrian, and that her conduct was "usual in the course of the travels of an ordinarily prudent person." *See Cunningham v. Bellerive Hotel, Inc.*, 490 S.W.2d 104, 108 (Mo.1973). The evidence did not compel a finding that plaintiff was negligent.

Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.